In re SMITH.

(District Court, E. D. New York. June 18, 1907.)

BANKRUPTCY—PROCEEDINGS—WITHDRAWAL—RIGHT TO DISCHARGE.

Bankr. Act July 1, 1898, § 14b, subd. 5, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provides that a bankrupt may obtain a discharge unless he has been granted a discharge in bankruptcy within six years. By section 14a, the bankrupt may apply for a discharge within 12 months after adjudication, or, if unavoidably prevented from filing it within such time, it may be filed within but not after the next 6 months. *Held*, that where a bankrupt having been discharged in voluntary proceedings on January 17, 1902, filed another voluntary petition on January 11, 1907, he would not be permitted to withdraw the same over the protest of his creditors because he could not obtain a discharge within 12 months after adjudication, he being entitled to apply for a discharge within the succeeding 6 months.

Peter Schmuck, for bankrupt.

Adolph M. Schwarz, Strasbourger, Weil, Eschwege & Schallek, and Arthur Garfield Hays, for creditors.

CHATFIELD, District Judge. The bankrupt has asked leave to withdraw these proceedings, which were instituted by the filing of a voluntary petition in bankruptcy, upon the 11th day of January, 1907. From that date until the present time the matter has followed the usual course, but the first meeting of creditors has been adjourned for a considerable period because of the illness of the attorney for the bankrupt. His death has necessitated the employment of another attorney. It now appears that upon the 17th day of January, 1902, in a former voluntary proceeding, the bankrupt herein was granted a discharge. The present attorney for the bankrupt, having learned of this, advised the bankrupt that he could not obtain a discharge within six years after the granting of the former discharge. The bankrupt, upon the advice of this attorney, now asks leave to withdraw the proceedings. Objection is made on the part of the creditors, in that the estate has been brought into court by the filing of the present petition, and that the rights which they might have had by filing an involuntary petition, or

upon attacking transactions occurring within four months before the voluntary petition, would be lost if this proceeding should be dismissed, and the creditors left to the remedies which they would have at the present time, and which they have not previously exercised by reason of the pendency of this voluntary proceeding.

By section 14b of Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provision is made for the discharge of a bankrupt unless he has—

"(5) in voluntary proceedings been granted a discharge in bankruptcy within six years."

By the provisions of section 14a, the bankrupt may, within 12 months subsequent to adjudication, file an application for a discharge, and—

"if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

Many statutes of limitation are prevented from running by certain acts upon the part of the bankrupt, or by certain matters made express exceptions by the provisions of the act creating the limitation; but in the bankruptcy statute the period of four months prior to the filing of the petition, within which certain transactions may become preferences, is not extended by exceptions or reservations, and in a situation like that shown on the present motion the position of the creditors would be materially injured if the time intervening since January 11, 1907, should be lost by the dismissal or withdrawal of the present proceedings. The bankrupt must wait until January 17, 1908, before applying for his discharge, and (the 12 months after adjudication apparently expiring upon the 11th day of January, 1908) the bankrupt will be within the provisions of the statute giving him permission to apply for an extension of his time to apply for a discharge, inasmuch as he is unable by the force of the statute to apply for such discharge within the statutory 12 months period. In this way the rights of the creditors will be entirely preserved, and yet the bankrupt will not be deprived of the benefit of a discharge. The necessary delay is the result of his own act, and to leave the bankruptcy proceedings undisturbed would seem to be the only method of doing equity as well as complying with the provisions of the bankruptcy statute. The language of the court in the case of In re Little, 137 Fed. 521, 70 C. C. A. 105, well sustains and explains the reasoning by which this conclusion is reached. The opinion contains the following:

"The expression 'within six years,' as we think, measures the time between the first and second discharge, and not between the first discharge and the filing of the second petition in bankruptcy. * * * The fundamental principle of the bankruptcy law is to take into legal custody the property of the bankrupt, and to distribute it ratably among creditors, protecting the latter from frauds and unjust preferences, and to relieve the honest bankrupt from his load of obligation. The latter may or may not result, but that in no way interferes with the right of the court, either by voluntary or involuntary proceedings, to take over and distribute among creditors the estate of the bankrupt. The fact that one has been discharged from his debts within six years cannot possibly be an objection to the institution of involuntary proceedings by creditors. That would leave them at the mercy of the debtor, and tend to the perpetration of the very frauds denounced by the bankruptcy

act. Why, then, should the debtor be debarred from doing that voluntarily which the creditors might ·compel, namely, the turning over of his estate for equitable distribution among his creditors?"

The motion to withdraw the petition will be denied.