## In re JOHNSON.

(District Court, S. D. Alabama, at Mobile. April 20, 1916.)

### No. 1709.

1. BANKRUPTCY ⟨⟩404(2)—VOLUNTARY BANKRUPTCY—DISCHARGE.

Though Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (Comp. St. 1913, § 9598), precludes more than one discharge in voluntary bankruptcy within a period of six years, an insolvent may have more than one adjudication within the period, and his property distributed among his creditors, though he can obtain but one discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 690; Dec. Dig. ⟨⟩404(2).]

2. BANKRUPTCY ⟨⟩391(3)—BANKRUPTCY ACT—ACTIONS IN STATE COURT.

Where, within less than six years after he had obtained a discharge in voluntary bankruptcy, the former bankrupt filed another voluntary petition and was adjudicated a bankrupt, a creditor will not, where his suit does not interfere with the administration of the assets in the hands of the bankruptcy court, be restrained from proceeding with the suit in the

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

state court, for the bankrupt is not entitled to a second discharge under Bankr. Act, § 14b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649–654; Dec. Dig. ☞391(3).]

3. BANKRUPTCY ☞391(3)—BANKRUPTCY ACT—ACTIONS IN STATE COURT.

In such case, as the debtor cannot obtain a discharge, and as the bankruptcy court may proceed with the administration of his estate, the creditor will not be restrained from proceeding with his suit in the state court until the bankrupt applies for his second discharge, for such a restraint would give the bankrupt an unconscionable advantage and might defeat the creditor's rights.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649–654; Dec. Dig. ☞391(3).]

In Bankruptcy. In the matter of the bankruptcy of Earley Johnson. From an order of the referee, authorizing a creditor to proceed with his action in the state court, the bankrupt appeals. Order affirmed.

Foster K. Hale, Jr., of Mobile, Ala., for bankrupt.
Stevens, McCorvey & McLeod, of Mobile, Ala., for creditor.

HENRY D. CLAYTON, District Judge. The appellee, Holt, filed with the referee his petition, alleging the pendency of his suit in the inferior civil court of Mobile, in which he is plaintiff and Earley Johnson, the bankrupt here, is defendant, and that, upon the suggestion in that court of the bankruptcy proceedings in this court, the suit there against the defendant was stayed. The petition further showed that on September 24, 1912, within six years prior to the institution of the present bankruptcy proceedings, Earley Johnson, the bankrupt here, obtained from this court his former discharge in bankruptcy upon his voluntary petition. The facts stated in the petition were found by the referee to be true, and they are not now controverted. The referee granted the prayer of the petition, and made an order on March 13, 1916, allowing Holt, the creditor of the bankrupt, to further prosecute his suit against the bankrupt in the inferior civil court of Mobile "in all manner and respects as though the bankruptcy proceedings herein had not intervened."

This cause is now submitted for decree on the appeal from such order of the referee. Holt contended before the referee, and now insists, that the bankrupt will not at this time be again discharged in this bankruptcy proceeding, and that his (Holt's) claim will be prejudiced if he be required to wait until such time as the bankrupt may see fit to apply for his discharge. On the other hand, the bankrupt contended, and now insists, that although the pending bankruptcy proceeding was begun on his voluntary petition, and also that although his former discharge in bankruptcy was begun upon his voluntary petition, and six years have not elapsed since such former discharge, he is, nevertheless, entitled to have the suit in the state court stayed until his application for discharge, which has not yet been made, is presented and acted upon by this court.

In the instant case the bankrupt has been accorded on his voluntary petition the right to be adjudicated a second time within six years and

to have his estate distributed by the bankrupt court. The assets consisted of about $25 wages earned by him as fireman for a railroad company. The estate was administered by the bankrupt court by applying said amount as far as it went to the payment of the costs of the pending bankruptcy proceedings. The creditor, Holt, did not file any proof of his claim, nor did he seek to share in the assets surrendered to the bankrupt court.

The argument for the bankrupt is that to allow the creditor to prosecute his suit in the state court would be to deprive the bankrupt of immunity from such suit, which immunity he insists is his present right under the bankruptcy law. In these circumstances the question is whether the bankrupt has such right of immunity, and consequently whether this court should stay the suit in the state court.

[1, 2] It seems to me that to adopt the view urged in behalf of the bankrupt would be to enlarge by judicial construction the act of Congress, and to graft into that law a benefit to a bankrupt debtor and a corresponding curtailment of the right of his creditor to collect his debt by legal process, a benefit to one, a deprivation to the other, that was never intended by the Congress. Of course, in the case at bar the court would be compelled to deny a discharge to the bankrupt. Section 14b of the Bankrupt Act provides:

"The judge shall hear the application for a discharge * * * and investigate the merits of the application and discharge the applicant, unless * * * in voluntary proceedings been granted a discharge in bankruptcy within six years."

Undoubtedly a bankrupt may have more than one adjudication in six years—more than one distribution of his estate through the bankrupt court. But by the terms of the act itself he can have only one discharge under his voluntary proceedings within the six years. Manifestly it was the belief of the lawmaking body that to allow only one discharge within six years would discourage a bankrupt from the repeated filing of voluntary petitions, which constitute by far the larger number of bankruptcy proceedings. In re Neely (D. C.) 12 Am. Bankr. Rep. 415, 134 Fed. 667. It may be said it was believed that if a bankrupt knew, notwithstanding he was adjudicated a second time, he could not be discharged from the payment of his debts oftener than once in six years, he would be deterred from filing a second petition within the proscribed period. If, however, he does file his second petition and is adjudicated thereunder, and the administration of his assets by the bankrupt court is had, then he has been accorded every right to which he is entitled under the law. His right to have suits of creditors stayed must rest upon the ground that either he would be subsequently discharged from their payment, or that to allow the suits to be prosecuted would embarrass the bankrupt court by attempting to subject to the process of the state court property or assets in the custody of the bankrupt court. Neither result can be had in the present case, for none of the debts existing against the bankrupt at the time of his second adjudication can be discharged, and, further, because the assets in the custody of the bankrupt court will in no wise be affected by the suit in the state court.

[3] The contention that the bankrupt has the right to have this court delay the creditors' suit in the state court until such time as the bankrupt may see fit to make his application for a discharge is untenable. In this case the bankrupt has no right to a discharge and should application therefor be made it would be, as before stated, denied. It is well stated in 3 Remington, Bankruptcy (2d Ed.) § 2579, that:

The bankruptcy court has jurisdiction to administer a debtor's estate, although he has been granted a discharge within six years, whether a discharge is or is not applied for, or can or cannot be granted. Indeed, this bar does not prevent the filing of any number of successive petitions in bankruptcy within the six years. It only prohibits petitions for discharge.

It is not debatable that a bankrupt, having been granted a discharge in his voluntary proceedings, cannot have another discharge either in voluntary or involuntary proceedings in that measure of time between the first discharge and the filing of the application for the second discharge. In re Neely, supra. And in this connection it is my opinion that a bankrupt has no right, by delaying the final hearing upon his second application, to overcome a valid bar existing at this time against his discharge. The rights of the bankrupt and the creditor, respectively, should be determined as they now exist.

The prime purpose of the bankruptcy law is beneficence toward unfortunate debtors—is to relieve them of burdensome financial obligations in those instances deemed proper by the lawmaking power; and, again, it may be said that this law carries with it the other, perhaps secondary, idea that creditors have some rights which must be respected. Clearly it was not the purpose of Congress to afford a debtor, however unfortunate, relief from his debts oftener than once in the six years. It is equally true that Congress did not intend that by resort to bankruptcy the debtor should be allowed indirectly to defeat his creditors of their claims oftener than once within the time prescribed by the law. It is apparent that, if the bankrupt in this case can delay the suit against him in the state court until such time as he may see fit to ask for a discharge, then the bankrupt would be allowed by this court to hinder and probably defeat the creditor in his effort to collect his debt. Neither of these has the bankrupt here the right to do, and he has no just complaint in law or morals against the order of the referee.

Accordingly the findings and order of the referee heretofore made in this matter must be approved. The appropriate decree will be entered.