**In re S. W. STRAUS & CO., Inc.**

District Court, S. D. New York.
Jan. 31, 1934.

Archibald Palmer, of New York City, for petitioner.

Samuel L. Chess, of New York City, for creditors.

PATTERSON, District Judge.

An involuntary petition in bankruptcy was filed in this court against S. W. Straus & Co., Incorporated, on March 3, 1933. An answer controverting the allegations of the petition was filed in behalf of the alleged bankrupt, and the issues are now awaiting trial. On November 18, 1933, Gebauhr and others commenced a suit in equity in this court, naming the alleged bankrupt and many others as defendants. The present motion is by an alleged creditor of the alleged bankrupt, who has intervened in the bankruptcy cause, to stay proceedings in the equity suit until after the trial of the issues in the bankruptcy cause.

The bill by Gebauhr is long and discursive. In general it is averred that the plaintiffs and many others bought bonds from the alleged bankrupt, the bonds being those of corporations owning real estate; that they were led to believe that the alleged bankrupt guaranteed the bonds; that most of the bonds fell into default; that the alleged bankrupt then caused the formation of several committees, ostensibly to enforce the rights of the bondholders but in reality as part of a scheme to cover up alleged frauds in the sale of the bonds, to shield the alleged bankrupt from liability to purchasers of the bonds, and to reap further profits in the operation and reorganization of the properties for the benefit of concerns and persons formerly connected with the alleged bankrupt; that many bondholders have deposited bonds with the committees; and that the latter are not acting in the interests of the bondholders but in the interests of the alleged bankrupt or those connected with it.

The relief prayed for includes an injunction against further action on the part of the committees, an accounting, a discovery of the lists of bondholders, the removal of the committees, and the appointment of a receiver or substituted trustee to take possession of the deposited bonds and other property held by the committees. No process has yet been served on the alleged bankrupt, nor have any proceedings for relief pending the suit been brought.

■ The power of the bankruptcy court to stay suits brought in other courts, state or federal, relates to two types of cases. The first is the restraining of suits brought against the bankrupt on claims that in their nature are dischargeable in bankruptcy. This power is expressly conferred by section 11a of the Bankruptcy Act (11 USCA § 29 (a). The purpose is to relieve the bankrupt from being unnecessarily harassed by creditors pending his application for discharge. In re Nuttall (D. C.) 201 F. 557, 559. The exercise of this power is an everyday occurrence; as a general rule the bankrupt himself is the party who invokes it and the suit involved is generally a suit to establish a personal liability. The present application is obviously not of this sort, though both the moving party and the plaintiffs refer in their memoranda to the provisions of section 11.

The second is the restraining of suits that tend to impair or defeat the paramount jurisdiction of the bankruptcy court in administering the bankrupt estate. The source of this power is the inherent right and duty of the court to protect assets in its custody, together with the omnibus authority given in section 2 (15) to make such orders as may be necessary to enforce the provisions of the act (11 USCA § 11 (15). New River Coal Land Co. v. Ruffner (C. C. A.) 165 F. 881, 886; In re Hoey, Tilden & Co. (D. C.) 292 F. 269; In re Newman (C. C. A.) 17 F.(2d) 584. A familiar instance is the injunction granted, usually at the instance of the trustee, receiver, or a creditor, against the further maintenance of suits wherein the administration of assets or enforcement of liens otherwise than in bankruptcy is sought. See Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 737, 51 S. Ct. 270, 75 L. Ed. 645. This power may be exercised prior to adjudication. In re Mitchell (C. C. A.) 278 F. 707. In this connection it makes no difference whether the suit is pending in another court or in the law or equity side of the same court. But the bankruptcy court will not act in all cases where suit is brought against

a bankrupt or an alleged bankrupt. Where there are other defendants against whom the plaintiff asks for substantial relief and where there is no likelihood of interference with the jurisdiction of the bankruptcy court, the suit is generally permitted to continue so that the plaintiff's rights against strangers may be perfected; adequate safeguards being established if necessary to protect those interested in the bankrupt estate. In re United Wireless Telegraph Co. (D. C.) 196 F. 153; In re Rosenstein (C. C. A.) 276 F. 704; In re Kelley (D. C.) 297 F. 676; Park v. Stryker (C. C. A.) 6 F.(2d) 457.

In the present case it is manifest on the face of the bill that the chief purpose of the plaintiffs is to reach the bonds deposited with the committees. Removal of the committees and appointment of a receiver of the bonds and other property held by the committees form the principal relief sought. To allow such a suit to go forward will not prejudice the administration of the estate in bankruptcy in case of a later adjudication. True, the alleged bankrupt is said in the bill to have been the cause of the plaintiffs' losses and to have played the leading role in a scheme to injure them again, but what is looked for primarily is relief against the committees and those said to be now working in concert with them. The alleged bankrupt has not even been served. The moving party describes the suit as one to recover assets fraudulently transferred by the alleged bankrupt, but it plainly is not a suit of that character.

I have not overlooked the fact that a discovery of lists in possession of the alleged bankrupt is a branch of the relief set forth in the bill, as is an injunction against further activities by the alleged bankrupt. These matters are more or less incidental to the main object. Whether or not the maintenance of the suit in these respects will be a substantial interference with an administration in bankruptcy may well await further developments. Certainly the plaintiffs cannot get any such relief until the alleged bankrupt shall at least have been served with process, and until then the point is a moot one.

There are general references in the affidavits and memoranda to a prior suit in the state court said to involve the same matters as the suit in equity in this court. Even if that suit involves a possible receivership as to bonds held by the committees, no cognizance can be taken of it on the present motion. The point now presented is simply the effect of the pendency of the bankruptcy cause upon the suit in equity. Any objection to the maintenance of the suit in this court on the score of a prior action in rem pending in another court must be taken by one of the parties to the two suits, and the moving party does not belong to that class.

The motion for a stay will accordingly be denied.