450

## In re EPSTEIN.
### No. 26903.

District Court, E. D. New York.
Sept. 13, 1935.

Isidor Tankus, of New York City, for petitioner.

Julius Applebaum, of New York City (Harold Settel, of New York City, of counsel), for creditor Esther Boldovnick.

MOSCOWITZ, District Judge.

By this motion Max Epstein, the bankrupt, seeks an order vacating the adjudication in bankruptcy.

Max Epstein was adjudicated a bankrupt (not in this proceeding) and discharged in bankruptcy on September 8, 1933.

On September 24, 1934, the petitioner filed a voluntary petition in bankruptcy in this proceeding, on which day he was adjudicated a bankrupt. He seeks to vacate the second adjudication in bankruptcy up-

on the ground that the voluntary petition was filed "under a mistaken idea of the law."

Section 32 (b), subdivision 5 of title 11 USCA, Bankr. Act, § 14b (5), as amended, is a bar to the bankrupt's discharge, as he was adjudicated a bankrupt herein upon his voluntary petition within six years after his first discharge in bankruptcy. Section 32 (b) subdivision 5 of the Bankruptcy Act bars a discharge within the six-year period, but does not bar the filing of a petition in bankruptcy. This court has jurisdiction to receive successive petitions in bankruptcy and make successive adjudications in bankruptcy within the six-year period. The court is only limited in its jurisdiction to the granting of one discharge to the bankrupt within the six-year period. See In re Smith (D. C.) 155 F. 688; In re Little (C. C. A.) 137 F. 521; In re Johnson (D. C.) 233 F. 841.

The bankrupt claims that the petition was filed "under a mistaken idea of the law," and that therefore he is entitled to vacate his adjudication as a bankrupt. No authority has been cited which aids him in this interpretation.

Motion to vacate the adjudication and dismiss the petition in bankruptcy is denied.