## In re FEIFER.

District Court, S. D. New York.

Dec. 31, 1937.

BONDY, District Judge.

June 29, 1933, an involuntary petition in bankruptcy was filed against the bankrupt. September 21, 1933, an offer of composition pursuant to section 74 of the Bankruptcy Act, 11 U.S.C. § 202, 11 U.S.C.A. § 202, and note, was confirmed. August 5, 1937, the petitioning creditor recovered judgment against the bankrupt upon a cause of action for work, labor, and services, money advanced and loaned. October 18, 1937, the bankrupt was ordered in supplementary proceedings to pay the judgment in installments of $2.50 each week. October 26, 1937, the bankrupt filed a voluntary petition in bankruptcy, stating that he possessed no assets other than exempt insurance policies; he was adjudicated a bankrupt the same day. October 27, 1937, he obtained an order of this court restraining the judgment creditor from taking further steps to enforce his judgment, except in bankruptcy.

The confirmation of a composition bars a subsequent discharge within six years of the confirmation. Bankr.Act § 14b (5), as amended, 11 U.S.C. § 32(b) (5), 11 U.S. C.A. § 32(b) (5) ; In re Kornbluth, 2 Cir., 65 F.2d 400. See Gilbert's Collier on Bankruptcy, 4th Ed., § 1580. Thus the bankrupt cannot obtain a second discharge unless his application therefor is filed after September 20, 1939. In re Ziskin, 2 Cir., 40 F.2d 429.

The application for a discharge pursuant to the present petition to be valid, would have to be filed within eighteen months of the adjudication at the very latest, that is before April 26, 1939. Bankr. Act § 14a, as amended, 11 U.S.C. § 32(a), 11 U.S.C.A. § 32(a). The present petition therefore can never result in a discharge.

. A stay will not be continued unless a suit is founded upon a dischargeable obligation. See In re Ridder, 2 Cir., 79 F.2d 524, 103 A.L.R. 719, certiorari denied Ridder v. Ridder, 297 U.S. 721, 56 S.Ct. 599, 80 L.Ed. 1005; In re Bernard, 2 Cir., 87 F.2d 705.

Since the debt to the petitioning creditor is at present not dischargeable, the court will not restrain the collection thereof and the motion to vacate the restraining order would in any case be granted. See In re Johnson, D.C., 233 F. 841; In re Carmichael, D.C., 300 F. 255.

The Bankruptcy Act has been designed not only to enable a debtor to secure a discharge from his obligations, but also to marshall and distribute his assets equitably among his creditors. The fact that the petition in bankruptcy could not result in discharge would not therefore be ground for the dismissal of the petition in every case.

Herein, however, it appears that the bankrupt has not any assets which can be distributed among his creditors and the debts he has scheduled are not at present dischargeable.

Moreover, the petition was filed within a week after the order in supplementary proceedings was granted. It is obvious that the petition can serve no purpose but to delay creditors. The petition and all the proceedings thereunder therefore are dismissed. See In re Nash, D.C., 249 F. 375.