George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Kenneth HAXTON, Josephine A. Haxton and Lennor T. Blum, Defendants.

No. GC 7010–S.

United States District Court, N. D. Mississippi, Greenville Division.

May 12, 1970.

L. H. Silberman, Solicitor of Labor, Beverley R. Worrell, Regional Solicitor, Norman H. Winston, Associate Regional Solicitor, George D. Palmer, Atty., U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

J. A. Lake, of Lake, Tindall & Hunger, Greenville, Miss., for defendants.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This action is before the Court on two motions filed herein by defendants. One motion seeks an order of the Court for the production of documents, and the other to limit the scope of an interrogatory addressed to defendants. The motion to produce is directed to certain documents [1] said to be in the possession or under the control of plaintiff and received, acquired, or prepared by plain-

---

[1] The documents sought by defendants are described in the motion as:

"1. All statements and other writings of any nature signed by any employee, either present or past, of the firm known as Nelms & Blum in Greenville, Mississippi, having to do in any way with such employment, including the duties performed therein, the wages received or claimed therefor—which are now in plaintiff's custody or in the custody or control or possession of any of plaintiff's agents, or which may be in any wise under the control of the plaintiff.

2. All computations made by plaintiff or by plaintiff's agents having to do with wages allegedly due to defendants' employees and alleged to have been withheld by defendants.

3. All charges or complaints made in writing and filed with plaintiff and all memoranda of any charges or complaints made orally to plaintiff alleging any violation by defendants or any of them of any statute included among those popularly known as the 'wages and hours laws'."

tiff in the course of plaintiff's investigation of the facts which give rise to this litigation.

Plaintiff's action involves alleged violations by defendant of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended.[2]

Plaintiff does not object to furnishing defendants with computations made by his agents during the course of the investigation having to do with wages allegedly due employees of defendants, and said to have been withheld by them. Plaintiff has stated in his response to the motion that defendants' attorneys have been furnished a "picture" copy of the computations and that the originals will be made available at the trial. Plaintiff's action in this regard complies with the demand of defendants.

Plaintiff asserts a claim of privilege and confidentiality with reference to the documents described in paragraphs one and three of the motion, and as to the documents described in paragraph three plaintiff makes the additional objection that the documents described in the paragraphs are not material to the issues presented in the action.

Plaintiff's grounds for objection are stated in his response to the motion as follows:

"1. The documents sought by the motion are privileged.

2. The disclosure of the documents sought would tend to reveal the identity of confidential informers which is against public policy.

3. The documents sought are within the 'executive' privilege; such documents are part of an official file of the United States Department of Labor and the disclosure of these documents is against public policy.

4. Defendants have not shown good cause for the production of the documents sought.

5. The documents sought in paragraph 3 of the motion are not relevant to the issues in this action."

In paragraph three defendants seek to compel production of "all charges or complaints made in writing and filed with plaintiff and all memoranda of any charges or complaints made orally to plaintiff alleging any violation by defendants or any of them of any statute included among those popularly known as the 'wage and hour laws' ".

Plaintiff's suit against defendants is brought pursuant to Section 17 of the Act[3] to restrain alleged violations of Section 15(a) (2) and 15(a) (5). The charges or complaints, oral or written, if any, received by plaintiff, which may have precipitated this action, are not relevant to any issue in the case. As was said in Wirtz v. Continental Finance & Loan Co. of West End:[4] "What possible difference does it make who reported to the Secretary that violations had occurred?" There is no requirement in the wage and hour law which requires a complaint as to prerequisite for litigation.

Thus, the motion to produce, as to the documents described in paragraph three, is not well taken, because such are not relevant to any issue in the case.

The Court is of the opinion that plaintiff should not be required to produce for inspection and/or copying by defendants statements or other writings signed by employees of defendants, past or present, which may be in the possession or under the control of plaintiff.[5]

Defendants appear to recognize the privileged nature of the documents and instead of insisting upon the production

---

2. 29 U.S.C. § 201 et seq.

3. 29 U.S.C. § 217.

4. 326 F.2d 561, 563 (1964).

5. See Wirtz v. McDade, 5 Cir. 1964, 330 F.2d 610; Wirtz v. Continental Finance and Loan Co. of West End, 5 Cir. 1964, 326 F.2d 561, 563.

thereof by plaintiff, defendants seek an order requiring plaintiff to prepare and submit to them an accurate summary of each such document, omitting the name and any other identification of the person executing the document.

The plaintiff could not, in the opinion of the Court, prepare summaries of the documents without revealing facts or circumstances which would identify the persons involved. For this reason the Court does not feel that this request can be granted.

Defendants suggest that it is proper that at the time of the entry of the pre-trial order in this case plaintiff should be required to divulge the names of the witnesses to be used by plaintiff in the trial of the case and furnish defendants with copies of any written statements made by each such witness.

This suggestion will be given due consideration at the pre-trial conference which will be held shortly before trial and at which time the pre-trial order will be formulated.

Plaintiff has served defendants with one interrogatory, seeking certain information with regard to each individual employed at defendants' Greenville store as a sales clerk, salesman or saleslady, or in alterations, since June 11, 1963. Defendants have answered the interrogatory as to all such individuals who have been so employed by defendants since February 2, 1968. Defendants move to suppress the interrogatory as to any

such individuals employed prior to that time. Defendants contend that any action or demand accruing prior to February 2, 1968, is barred by 29 U.S.C. § 255, as amended.

Plaintiff contends that information as to names, wages and job assignments of all of defendants' employees going back to June 11, 1963 is "relevant" in a "sex-based" discrimination action, such as the case sub judice.

Section 255 is a statute of limitations with reference to an action for "unpaid mimimum wages, unpaid overtime compensation, or liquidated damages" for which provision is made in the Act.

The statute is not controlling on the issue presented to the Court.

■ Employment practices which may have formed the basis for suits to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Act, had such suits been timely filed, but which are now barred by the statute, may nevertheless be introduced in evidence in this action if such practices tend reasonably to show a "sex-based" discrimination in employment by defendants.[6]

■ It is, however, within the discretion of the Court to limit the scope of the inquiry. The Court feels that the defendants should not be required to answer the interrogatory as to individuals employed by them prior to January 1, 1966. To this extent the motion to suppress will be sustained.

An appropriate order is being entered.

6. Federal Trade Comm. v. Cement Institute, 1948, 333 U.S. 683, 705, 68 S.Ct. 793, 805, 92 L.Ed. 1011, 1036. The court said: "The consideration given these activities by the Commission was well within the established judicial rule of evidence that testimony of prior or subsequent transactions, which for some reason are barred from forming the basis for a suit, may nevertheless be introduced if it tends reasonably to show the purpose and character of the particular transactions under scrutiny."