Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

T & T TRUCKING, INC., a corporation, et al., Defendants.

No. 74–C–399.

United States District Court, N. D. Oklahoma.

June 17, 1975.

William J. Kilberg, George T. Avery, Harvey M. Shapan, U.S. Dept. of Labor, Washington, D.C., for plaintiff.

John A. Cochran, Tulsa, Okl., for defendants.

## ORDER OVERRULING MOTION TO STAY PROCEEDINGS

COOK, District Judge.

On October 10, 1974, the Plaintiff, Peter J. Brennan, Secretary of Labor, United States Department of Labor, filed this action against T & T Trucking, Inc., Bill Tharp and Lloyd Tharp, seeking to enjoin said Defendants from violating the provisions of §§ 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.) and to restrain any withholding of payment of overtime compensation found by the Court to be due to employees of said Defendants under the FLSA. Section 7 of the FLSA requires that employees be compensated at a rate not less than one and one-half times the regular rate for a work week longer forty hours. Section 15(a)(2) makes it unlawful to violate the requirements of § 7. Section 11(c) of the FLSA requires that employers maintain records of the hours, wages and other conditions of employment. Section 15(a)(5) makes it unlawful to fail to satisfy the requirements of § 11(c).

On March 12, 1975, the Defendants, T & T Trucking, Inc., and Bill Tharp, filed a Motion to Stay Proceedings of this cause and stated that Bill Tharp had, on March 6, 1975, filed a Petition for voluntary bankruptcy in the United States District Court for the Northern

District of Oklahoma (Case No. 75–B–268) and that T & T Trucking, Inc., had filed a Petition in bankruptcy in the same Court on the same day (Case No. 75–B–267). These Defendants contend that their Motion to Stay Proceedings should be sustained on the grounds that the Bankruptcy Court has exclusive jurisdiction to deal with the property of the bankrupt. The Defendants' Motion does not request that the Court stay these proceedings against the Defendant, Lloyd Tharp.

■ The question of whether suits for injunctive relief are automatically stayed upon the filing of a bankruptcy petition is one of first impression. The parties to this suit have been unable to supply the Court with precedent in support of or in opposition to their positions. The Court has been unable to find cases which have addressed this question. Thus it is incumbent upon the Court to examine the provisions of the Bankruptcy Act in light of the relief sought by the Secretary of Labor to determine whether this action should proceed. In considering the clear intent of the Bankruptcy Act to correct an abuse by creditors of filing harassing lawsuits against their debtors notwithstanding the bankruptcy and the strong public policy behind the granting of injunctive relief against violations of the Fair Labor Standards Act, the Court has carefully reviewed the entire record and the arguments of Counsel and has considered the policies behind each of the Acts.

■ Section 11 of the Bankruptcy Act (11 U.S.C. § 1 et seq.) provides in pertinent part,

"[A] suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition . . . ."

Rule 401 of the Rules of Bankruptcy Procedure (Adopted by the Supreme Court April 24, 1973) provides for an automatic stay of all actions founded upon an unsecured provable debt other than those specifically enumerated under Rule 401(a) in reference to § 17(a) of the Bankruptcy Act. In order to determine whether the Secretary of Labor is bringing this action founded upon an unsecured provable debt, the Court must look to the nature of the action and the relief which is sought. *In re S. W. Straus & Co., Inc.*, 6 F.Supp. 547 (S.D.N.Y.1934); *In re Metz*, 6 F.2d 962 (2nd Cir. 1925). In the case before the Court the Secretary of Labor seeks an injunction to prevent the further withholding of future wages due to the Defendants' employees and a restraining order to prevent the withholding of wages found due to the Defendants' employees. Section 17 of the Fair Labor Standards Act provides.

"[T]he district courts . . . shall have jurisdiction, for cause shown, to restrain violations of section 15, including in the case of violations of section 15(a)(2) the restraint of any withholding of payment of minimum wages or overtime compensation found by the Court to be due to employees under this Act . . . ."

Such relief has been upheld as proper in *Wirtz v. Jones*, 340 F.2d 901, 903 (5th Cir. 1965) wherein the court stated,

"[T]he history and purpose of the Fair Labor Standards Act and of § 17, both in its wording and in its relationship to the other sections of the Act, make it abundantly clear that § 17 was designed and enacted as a necessary measure to assure the effective and uniform compliance with and adherence to a public policy, relating to wage standards for labor, adopted in the National interest."

The *Wirtz* court found that the purpose of the injunction to restrain the withholding of wages due is "not to collect a debt owed by an employer to his em-

ployee but to correct a continuing offense against the public interest." *Wirtz* at 904. In order to protect the public interest and to insure protection to employers who pay a proper wage, the court reasoned that actions brought by the Secretary of Labor under § 17 of the FLSA would be enforced even though the employees of those in violation were not present to claim these unpaid wages. Other cases have held that injunctive relief is appropriate where the Secretary of Labor brings an action to prevent further violations of the Fair Labor Standards Act. *Mitchell* v. *Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 80 S.Ct. 332, 4 L. Ed.2d 323 (1959); *Hodgson* v. *Wheaton Glass Co.*, 446 F.2d 527 (3rd Cir. 1971); *Wirtz* v. *Milton J. Wershow Co.*, 416 F. 2d 1071 (9th Cir. 1969); *Wirtz* v. *Malthor, Inc.*, 391 F.2d 1 (9th Cir. 1968); *Wirtz* v. *B. B. Saxon Co.*, 365 F.2d 457 (5th Cir. 1966); *Hodgson* v. *Am. Can Co.*, 328 F.Supp. 261 (E.D.Pa.1971).

■ The protective policy of the Fair Labor Standards Act is further emphasized when § 16(b) provides that an action brought by the Secretary of Labor under § 17 of the FLSA terminates the right of any employee to bring an action in his own behalf. *Chilton* v. *National Cash Register Co.*, 370 F.Supp. 660 (S.D.Ohio 1974); *Lerwill* v. *Inflight Motion Pictures Inc.*, 343 F.Supp. 1027 (N.D.Cal.1972); *Hodgson* v. *Hyatt*, 318 F.Supp. 390 (N.D.Fla.1970); *Shultz* v. *Haxton*, 50 F.R.D. 95 (N.D.Miss. 1970). The repeated assertion by the courts that an action brought by the Secretary of Labor is primarily directed to promote a strong public policy of protecting employers who pay a lawful wage is convincing authority for a finding by the Court that this action is not brought to collect a debt which otherwise might be dischargeable under the Bankruptcy Act. While the indirect benefit of restraining the withholding of overtime compensation may accrue to the employees of those in violation of the FLSA, the public good is served when the employer is enjoined from further violations and forced to produce those wages which he has misappropriated. The Bankruptcy Act is silent as to the staying of an action where the relief sought is in the form of an injunction. Section 11 of the Bankruptcy Act provides for a stay only where a suit is founded upon a claim where a discharge would release the bankrupt from further liability for the debt. Since no debt is claimed by the Secretary and the relief sought is to prevent the withholding of past wages due and the failure to maintain adequate records, this action does not fall within the staying provisions of § 11 as directed by Rule 401 of the Rules of Bankruptcy Procedure. Where the action is not founded on a dischargeable debt, it should not be stayed. *In re Mountjoy*, 368 F.Supp. 1087 (W.D.Mo.1973); *In re Feifer*, 22 F.Supp. 541 (S.D.N.Y. 1937). A determination of whether the Plaintiff has any claim against the bankrupt should not be stayed where the claim is not against property held by the referee in bankruptcy but the relief sought is against the Defendant in an in personam action. *May* v. *Fidelity & Deposit Co. of Md.*, 313 F.2d 23 (10th Cir. 1962); see *Amoco Pipeline Co.* v. *Admiral Crude Oil Corp.*, 490 F.2d 114 (10th Cir. 1974); *Fallick* v. *Kehr*, 369 F.2d 899 (2nd Cir. 1966).

■■ The merits of the Secretary's allegations are not a matter for determination at this time. Whatever the Secretary of Labor hopes to gain from pursuing an action against parties who have filed for relief in the bankruptcy court is a matter for speculation. Yet, it is conceivable that these Defendants could engage in future violations of the FLSA despite the bankruptcy action since the Defendants are not precluded from engaging in the same business when the bankruptcy proceedings have terminated. *Trask* v. *Susskind*, 376 F. 2d 17 (5th Cir. 1967); *Heyl* v. *Emery*

*& Kaufman Ltd.*, 204 F.2d 137 (5th Cir. 1953).

The Defendant, Floyd Tharp, has not filed a petition in Bankruptcy. The Complaint alleges that this Defendant served as vice-president of the Defendant, T & T Trucking Inc. There is nothing to prevent the Secretary from continuing his action against this Defendant.

For the reasons stated herein, it is the conclusion of the Court that the Motion to Stay should be and is hereby overruled.