**In the Matter of CUBA ELECTRIC AND FURNITURE CORPORATION.**

**No. B–74–264.**

United States District Court,
D. Puerto Rico.

April 29, 1977.

---

W. H. Beckerleg, Hato Rey, P. R., for appellant.

Maurice Jay Kutner, Miami, Fla., for appellee.

## OPINION AND ORDER

TORRUELLA, District Judge.

This matter is before the Court on appeal from a decision of the Bankruptcy Referee lifting a stay previously granted in which it ordered the County Court in and for Dade County Florida to stay execution of a judgment ordering the eviction of Cuba Electric, Inc., Cuba Electric and Furniture, Inc., T.V. & Furniture Distributors, Inc., and National Gift Distributors, Inc. from premises located in Miami, Florida. Appellant-debtor had leased these premises and operated therein a retail appliance store. During the pendency of proceedings in the Bankruptcy Court, appellant received various offers for the purchase of its lease rights and improvements, which offers were referred to the creditors' committee and to the Court with the result that on March 18, 1975 the Bankruptcy Referee approved a private sale of the lease rights and improvements. Shortly thereafter the sale documents were executed and the premises delivered to the buyers who entered into possession.

The appellee (previously appellant's landlord) then filed eviction proceedings in the County Court in and for Dade County, Florida. A stay was obtained concerning the ensuing judgment, which stay was vacated by the Bankruptcy Referee by his Order of August 25, 1975.

Bankruptcy Rule 11–44 reads in part:

"(a) A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any Court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate."

Appellant-debtor argues that the stay imposed by Rule 11–44 applies to appellee-landlord and therefore deprived appellee of his right to seek an order of eviction against appellant until the termination of the Chapter XI proceedings. Consequently, it is averred, the Order of August 25, 1975 lifting the stay is incorrect.

Appellee-landlord argues that since the debtor neither owned nor had any property interest in the assets at issue in the state Court, the Chapter XI Court lacked jurisdiction under Rule 11–44 to continue to stay such proceedings and that the Bankruptcy Court correctly vacated its temporary stay of enforcement of the State Court judgment against appellant.

When the appellee-landlord initially filed for eviction, in the Dade County Court, the debtor was not named as a Defendant. Therefore no stay proceeded at that time. Shortly before trial, however, the complaint was amended to include debtor. Judgment was entered on July 2, 1975. Execution of said judgment was then stayed by order of the Bankruptcy Court, which stay was vacated after a hearing on the matter.

Section 311 of the Bankruptcy Act, 11 U.S.C. § 711 reads thus:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property wherever located."

In order for the automatic stay provisions of Rule 11–44 to have complete efficacy, the Court must have exclusive jurisdiction of the debtor and his property wherever located. See *Mid-Jersey Nat'l Bank v. Fidelity Mortgage Investors*, 518 F.2d 640 (C.A.3, 1975). In considering the stay provisions, the Court's interpretation of Rule 11–44(a) must also be consonant with the purpose of the stay, i. e., "to prevent interference with, or diminution of, the debtor's property during the pendency of the Chapter XI proceeding." *Teledyne Industries, Inc. v. Eon Corp.*, 373 F.Supp. 191 (S.D.N.Y. 1974).

Before entertaining the latter premise, however, the Court must resolve the question of whether the debtor has any property interest in the leasehold agreement and improvements at issue in the State Court action, for if the debtor has no property interest therein, the Bankruptcy Court has no jurisdiction to stay the eviction proceedings. *In re Texas Consumer Finance Corp.*, 480 F.2d 1261 (C.A.5, 1973). See also *In re Journal News Corp.*, 193 F.2d 492 (C.A.2, 1951).

What is or is not possession, constructive or actual, is ultimately a question decided on the particular facts of each case. See *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); *Taubel, etc., Co. v. Fox*, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924).

In the case at bar, appellant-debtor sold its lease agreement and improvements to a third party which sale was consummated and previously approved by the Bankruptcy Court. While at inception of reorganization, the Court had jurisdiction of the above property, at the request of the debtor and with the approval of the creditors' committee, the Court divested itself of jurisdiction over said property.

While it may well be true that proceeds from the authorized sale are deposited with the Bankruptcy Court, the funds are considered the *res* of a trust *in custodia legis* and do not revive debtor's property rights sufficiently for the Court to determine that there is identity between the funds deposited and the property rights in question. See *Mid-Jersey Nat'l* supra, pp. 643–4; *Baxter v. United Forest Products Co., Inc.*, 406 F.2d 1120 (C.A.8), cert. denied 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969).

To decide otherwise would be to oblige a Court without jurisdiction to exercise authority not sanctioned by the spirit of the Bankruptcy Act, (see 11 U.S.C. §§ 711, 714) and to preclude the possibility of a viable reorganization. See *In re Fontainebleau Hotel Corporation*, 515 F.2d 913, 916 (C.A.5, 1975). We adopt no such chilling conclusion. See *In re Laufer*, 230 F.2d 866 (C.A.2, 1956).

We have examined appellant's remaining argument that the Court did not lose jurisdiction to enforce a stay order and find them inapposite.

Based on the above considerations, the Order of the Bankruptcy Court dated August 25, 1975 vacating its previous Temporary Stay Order should be and is hereby AFFIRMED, and this action is dismissed.

Judgment shall be entered accordingly.

IT IS SO ORDERED.