STEVEN L. MORFORD AND MORFORD MASONRY, INC.,
A NEBRASKA CORPORATION, AND MERLE NICOLA,
TRUSTEE, APPELLANTS, V. THE CITY OF OMAHA,
A MUNICIPAL CORPORATION, APPELLEE.

292 N. W. 2d 778

Filed May 20, 1980. No. 42618.

Ronald L. Brown, Brown Law Offices, for appellants.

Herbert M. Fitle, City Attorney, Allen L. Morrow, and Timothy M. Kenny, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, and HASTINGS, JJ., and REAGAN and NORTON, District Judges.

NORTON, District Judge.

This is an appeal from an order of the District Court for Douglas County, Nebraska, dissolving a temporary restraining order and dismissing the action. The judgment of the District Court is affirmed as modified.

The facts are not complicated. On or about June 2, 1978, the City of Omaha, Nebraska, in a separate action, filed a criminal complaint in the municipal court of that city, charging that Steven L. Morford had violated certain ordinances dealing with the use

and occupancy of real property located at 4132 North 79th Street, Omaha. It is apparent from all the facts read together that the charge grew out of a business or industrial use of property located within a residential area. Steven L. Morford was arrested on this complaint and arraignment was fixed for June 30, 1978.

Thereafter, on June 27, 1978, Steven L. Morford and Morford Masonry, Inc., plaintiffs, filed this action in the District Court for Douglas County, Nebraska. In their petition, the plaintiffs alleged, in substance, that Morford Masonry, Inc., was the owner of the hereinbefore noted real property; that this real property had been used continually for those purposes allowed in "Industrial 1" zones by the plaintiff corporation and its predecessors in title since 1934; that the property was not annexed by the City of Omaha until July 24, 1963; that in September 1970, the City acknowledged the right to first industrial uses of this real property based on "grandfather rights" through a notice published and filed with the register of deeds of Douglas County, Nebraska; that the City had notified the plaintiff corporation of its intent to enforce the use and occupancy ordinances with respect to this real property; and that the plaintiffs had no adequate remedy at law and unless relief be granted, they would suffer irreparable injury. The prayer of the petition was for an order temporarily restraining the City from proceeding with criminal prosecution during the pendency of this injunction action; a decree declaring that the property described enjoyed all uses set forth in Industrial 1 zoning under the city code; and for an order permanently enjoining the City from denying the nonconforming use and from interfering therewith. On the same day, a temporary restraining order was issued by the District Court enjoining and restraining the City in this matter.

On July 31, 1978, the City filed its answer in the

form of a general denial, praying for a dismissal of plaintiffs' petition. Several tentative trial dates were fixed by the trial court and continued upon motion of the plaintiffs. On December 19, 1978, plaintiff Morford Masonry, Inc., filed with the District Court a suggestion in bankruptcy. On December 20, 1978, the parties appeared and the District Court ordered trial of the matter to proceed. The plaintiffs, having raised the issue of the pending bankruptcy proceedings, refused to produce any evidence, and the defendant thereupon moved for a dismissal and dissolution of the temporary restraining order, which was sustained. Plaintiffs thereafter filed a motion for new trial, which was overruled, and this appeal resulted. Appellant Nicola, the trustee in bankruptcy, was appointed January 2, 1979, and appeared as a plaintiff in the motion for new trial, but did not request any relief.

At the outset, we note that there is no issue raised on appeal as to the dismissal against the plaintiff Steven L. Morford, and the judgment of the District Court is affirmed in that regard.

The issue presented by the appeal of Morford Masonry, Inc., is whether or not the commencement of bankruptcy proceedings by that corporation subsequent to commencement of this action but prior to trial, entitled it to an automatic stay of this action to permit the trustee in bankruptcy the opportunity to elect whether or not to petition to intervene.

At the time of Morford Masonry's bankruptcy petition, the old bankruptcy code, 11 U.S.C. §§ 1-1103 (1976), was in effect. The section of that code on which the plaintiffs apparently rely is 11 U.S.C. § 29, which reads, in part: "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition . . . ."

The first case dealing with the applicability of that section to a governmental injunction action against an alleged bankrupt was *Brennan v. T & T Trucking Co.,* 396 F. Supp. 615 (N.D.Okla. 1975), in which the court denied the stay because

> [A]n action brought by the Secretary of Labor is primarily directed to promote a strong public policy . . . is convincing authority for a finding by the Court that this action is not brought to collect a debt which otherwise might be dischargeable under the Bankruptcy Act. . . . The Bankruptcy Act is silent as to the staying of an action where the relief sought is in the form of an injunction. Section 11 of the Bankruptcy Act [11 U.S.C. § 29] provides for a stay only where a suit is founded upon a claim where a discharge would release the bankrupt from further liability for the debt. Since no debt is claimed by the Secretary and the relief sought is to prevent the withholding of past wages due and the failure to maintain adequate records, this action does not fall within the staying provisions of § 11 as directed by Rule 401 of the Rules of Bankruptcy Procedure. Where the action is not founded on a dischargeable debt, it should not be stayed.

*Id.* at 618. The same policy arguments apply here.

Under the current bankruptcy code, the question would not arise because § 362 of the code, 11 U.S.C. § 362 (1979), provides that the filing of a petition under § 301 of the code, 11 U.S.C. § 301 (1979), does not operate as a stay of any proceedings by a governmental unit to enforce police or regulatory powers. The action Morford Masonry seeks to stay is an exercise of the City's regulatory powers.

In view of the foregoing, it is apparent that a stay of proceedings in cases involving those issues raised by the plaintiffs is not automatic in nature, but is

within the sound discretion of the trial court, and the decision of that court will not be disturbed in the absence of a clear showing of an abuse of discretion. An examination of the record discloses no abuse of discretion in this case. We conclude that the dismissal of the plaintiffs' petition and the dissolution of the temporary restraining order was proper and should be affirmed, without prejudice to the rights of the parties. In connection therewith, it is noted that subsequent to dismissal of this cause in open court, the trial court entered a written order that went beyond the relief announced in open court. In view of the fact that no evidence was ever adduced during the course of this proceeding, there was no basis for that further relief. We therefore determine that the order of the trial court dated December 20, 1978, should be modified to delete therefrom any relief for the defendant City of Omaha beyond that announced in open court.

The decision of the trial court is affirmed as modified by this opinion.

AFFIRMED AS MODIFIED.