**Betty Burns PADEN, Plaintiff,**

v.

**UNION FOR EXPERIMENTING COLLEGES AND UNIVERSITIES, Defendant.**

**No. 78 C 1136.**

United States District Court, N. D. Illinois, E. D.

Oct. 3, 1980.

---

Betty Burns Paden, pro se.

Eleonor C. Prueske, Darien, Ill., for plaintiff.

Gottlieb & Schwartz, Loren J. Mallon, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This case presents the question whether an employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., is affected by Bankruptcy Rule 11–44, which provides that the filing of a bankruptcy petition shall "operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, . . . ."[1] The issues

[1]. The 1898 Bankruptcy Act is operative in this case, as a result of the savings provision of the

we discern are whether Title VII actions were intended to be subject to the 11–44 stay, and which forum should in the first instance decide whether the stay applies to a particular action.

Briefly, the facts are as follows: Plaintiff commenced this Title VII sex discrimination action against the defendant Union for Experimenting Colleges and Universities ("Union") on March 28, 1978, seeking back pay, declaratory and injunctive relief. Chapter X bankruptcy proceedings were commenced by several creditors of the defendant corporation in the Southern District of Ohio, Western Division, on June 28, 1978. On the petition of Union's counsel, the action was subsequently converted to a Chapter XI "arrangement," pursuant to 11 U.S.C. §§ 701 et seq.

Plaintiff has filed various motions seeking to compel discovery from the defendant. Our specific concern at this time is whether the automatic stay in the bankruptcy case prevents our ruling on these discovery motions or otherwise proceeding with this case.

The purpose of the Rule 11–44 automatic stay is clear: to prevent the dissipation or diminution of the bankrupt's assets during the pendency of the Chapter XI proceeding, Power–Pak Products, Inc. v. Royal–Globe Insurance Co., 433 F.Supp. 684, 686 (W.D.N.Y.1977); In the Matter of Cuba Electric and Furniture Corp., 430 F.Supp. 689, 691 (D.Puerto Rico 1977); Teledyne Industries, Inc. v. Eon Corporation, 373 F.Supp. 191, 203 (S.D.N.Y.1974); and to avoid the multiplicity of claims in different forums against the estate. In the Matter of the Bohack Corp., 599 F.2d 1160, 1167 (2d Cir. 1979); Baum v. Anderson, 541 F.2d 1166, 1169 (5th Cir. 1976). The issuance of a stay must be consistent with these two goals. See e. g., In the Matter of Cuba Electric and Furniture Corp., supra, 430 F.Supp. at 691. A stay of a suit pending against the bankrupt in another court is not a dismissal of the suit nor does it deprive

Bankruptcy Act of 1978, 11 U.S.C. § 403(a).

the other court of jurisdiction; it merely suspends the proceedings. *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977); 1A Collier on Bankruptcy ¶ 11.07, at p. 1167 (14th ed. 1975).

■ The automatic stay should not apply to every action already pending in a non–bankruptcy court to which the bankrupt is a party. *Connell v. Walker*, 291 U.S. 1, 5, 54 S.Ct. 257, 258, 78 L.Ed. 613 (1933). A suit which contemplates some relief other than the collection of a scheduled debt is not to be stayed, as its prosecution would not ordinarily interfere with the bankruptcy proceeding. *In re Shenberg*, 433 F.Supp. 677, 680 (N.D.Ill.1977). Indeed, certain types of actions which are directly relevant to the instant case have been exempted from an automatic stay order. *See e. g., Power–Pak Products v. Royal–Globe Insurance Co.*, supra, 433 F.Supp. at 686–687 (declaratory relief not covered by Rule 11–44 stay; such an action is not a claim for which a discharge would be a release); *Brennan v. T&T Trucking, Inc.*, 396 F.Supp. 615, 617 (N.D.Okl.1975) (suits for injunctive relief are not automatically stayed upon filing of bankruptcy petition).

■ The stated purposes of the automatic stay are in no way compromised by the instant Title VII action, at least so far as the injunctive and declaratory relief portions of the suit are concerned. With respect to the back pay remedy, *In the Matter of Zeckendorf*, 326 F.Supp. 182 (S.D.N.Y. 1971), counsels in favor of the resolution of the merits of the claim during the pendency of the bankruptcy proceeding. The principal purpose of the stay, as we have already noted, is to avoid a diminution of the bankrupt's assets. Judge Frankel explained in *Zeckendorf*:

> The only legitimate concern on this debtor's side [in this securities fraud action] is that he not be cast in judgment in plaintiffs' suit until the dischargeability of the alleged liability has been determined. But this does not require the total stay upon which he insists. . . .
>
> There is, in a word, no justification for staying against Zeckendorf [bankrupt] the processing of plaintiffs' suit *toward, if not to, the point of judgment.*[2]

326 F.Supp. at 185 (emphasis added). This approach has several advantages. It ensures the expeditious consideration of Title VII suits, an important priority of Congress. *See Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). At the same time, the "liability only" approach protects against the dismemberment of the estate and the actual payment out of claims in different forums. *In the Matter of Bohack Corp.*, supra, 599 F.2d at 1167,[3] and appears to be consistent with the congressional intent underlying the Bankruptcy Act of 1978. The legislative history of the stay provision under the 1978 Act indicates that actions which pose "no great prejudice to the bankruptcy estate" should be permitted "to continue in their place of origin, . . . in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." Senate Rep.No. 95–989, 95th

---

**2.** In the *Matter of Zeckendorf*, 326 F.Supp. 182 (S.D.N.Y.1971), was decided prior to the enactment of the automatic stay provisions. However, as the Second Circuit noted in *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 53 (2d Cir. 1976), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540, in general there is "no reason to treat a stay explicitly granted by the court differently from a stay established by rule, . . . ."

**3.** To a limited extent, allowing a Title VII suit to proceed through the liability stage conflicts with the alternate purpose of Rule 11–44: preventing the bankrupt from having to *defend* against a multiplicity of claims in different forums. Considered alone, however, this concern is less than compelling. The burdens of litigation always attach, even where suits are for purely injunctive and declaratory relief. Such actions have been clearly held to fall outside of the coverage of the automatic stay provisions. *See Power–Pak Products v. Royal–Globe Insurance Co.*, supra; *Brennan v. T&T Trucking, Inc.*, supra. While the instant case is a hybrid–involving injunctive, declaratory as well as monetary claims–we find the reasoning of these cases, according little if any weight to the 'multiplicity of claims' concern, to be persuasive.

Cong., 2d Sess., p. 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5836.

██ Although we believe that a Title VII suit should be exempted from a stay order, the proper procedure is to seek a lifting of the stay from the Ohio bankruptcy court. The plaintiff can file an "adversary complaint" under Bankruptcy Rule 11–44(d) to "terminate, annul, modify or condition" such a stay. The broad language of Rule 11–44 favors plaintiff's resort to this forum. While an order of a bankruptcy court is directed against the parties, *Brick v. Dominion Mortgage & Realty Trust*, 442 F.Supp. 283, 309 (W.D.N.Y.1977); *cf. Jordan v. Independent Energy Corp.*, 446 F.Supp. 516, 523 n.7 (N.D.Texas 1978), and a bankruptcy judge may not enjoin another court without applying for an order from a federal district judge, 11 U.S.C. § 11(a)(15); *Donald F. Duncan, Inc. v. Royal Tops Manufacturing Co.*, 381 F.2d 879, 883 (7th Cir. 1967), the Rule 11–44 stay issues automatically. Its authority may be said to flow from the statutory provision and not the bankruptcy court. Arguably, then, this court is also covered by the wording of the stay.

Only in limited circumstances have courts proceeded with a matter despite an outstanding stay order. *See David v. Hooker, Ltd., supra*, 560 F.2d at 417–418 (order compelling discovery and imposing a discovery sanction for conduct *predating* bankruptcy filing, held, not to be affected by the stay); *In re Spagat*, 4 F.Supp. 926, 927 (S.D.N.Y. 1933) (contempt proceeding for disobedience of a state court order may go forward with respect to conduct prior to the issuance of the stay). *Accord, In re Hall*, 170 F. 721 (S.D.N.Y.1909); *Brick v. Dominion Mortgage & Realty Trust, supra*, 442 F.Supp. at 309 (federal district court may consider matters under advisement at the time of the bankruptcy filing); *Teledyne Industries, Inc. v. Eon Corporation, supra*, 373 F.Supp. at 203 (order requiring bankrupt to produce documentation for prosecution of action against other defendants). No such circumstances exist here.[4] The pending motions of the plaintiff to compel discovery against the bankrupt were filed over a year after the commencement of the bankruptcy action. Unlike the situation in *David v. Hooker, Ltd., supra*, the events involved in these motions also occurred subsequent to the bankruptcy filing.

The *Brick v. Dominion Mortgage & Trust* decision, *supra*, is particularly illustrative of the cautious approach taken by federal district courts in *sua sponte* modifying or vacating a bankruptcy stay. In *Brick*, the court in ruling on the bankrupt's motion to dismiss refrained from ordering one of the parties to file an amended pleading:

> ... [B]ecause the rule [Rule 11–44] does stay a party from continuing an action against the debtor, this court's orders and directions herein that plaintiffs file an amended complaint to prevent dismissal of their section 12(2) claims and with respect to discovery are hereby stayed.

442 F.Supp. at 310.

For the foregoing reasons, we will stay the instant action until such time as the plaintiff obtains a modification of the stay

---

4. The district court in *Brennan v. T&T Trucking, Inc.*, 396 F.Supp. 615 (N.D.Okl.1975), did *sua sponte* hold that U.S. Labor Department suits for *purely* injunctive relief (under the Fair Labor Standards Act) were not automatically stayed upon the filing of a bankruptcy petition. *Brennan* involved the police and regulatory powers of the federal government, a consideration not present here.

While we still believe that the correct procedure is for the bankruptcy court, as provided in Bankruptcy Rule 11–44(d), to hear the petition to modify or vacate a stay in the first instance, we are not unsympathetic with the view that certain federal actions-among them Title VII suits- should be expeditiously considered by the federal district courts. Consistent with these priorities is Rule 11–44(d) which mandates that a bankruptcy judge hear a petition to vacate or modify a stay at the "earliest possible date," taking "precedence over all matters except older matters of the same character." The new Bankruptcy Act, not operative in this case, goes a step further in having the automatic stay order expire after 30 days unless "within that time at or after the final hearing the [bankruptcy] court determines that the stay be continued." See Interim Bankruptcy Rule 4001(a) of the Bankruptcy Act of 1978.

order from the Ohio bankruptcy court pursuant to Bankruptcy Rule 11–44(d).

Defendant's motion to dismiss is denied.