In re Michael D. ROUNSEVILLE, Debtor.

George P. GRAY, d/b/a Unity Club, Plaintiff,

v.

Michael D. ROUNSEVILLE, Defendant.

Bankruptcy No. 8100925.

Adv. No. 820026.

United States Bankruptcy Court, D. Rhode Island.

June 11, 1982.

George M. Cappello, Cranston, R. I., for plaintiff.

Michael J. Kiselica, Cranston, R. I., for debtor.

Edward E. V. D'Agostino, Providence, R. I., Trustee.

## DECISION AND ORDER MODIFYING STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The narrow issue before the Court is whether the Bankruptcy Court should, in its exercise of its discretion, modify the automatic stay, 11 U.S.C. § 362(d)(1), by allowing a civil action pending against the Debtor in state court to proceed to trial there.

The following facts are not in dispute. On March 30, 1978, Michael Rounseville assaulted Gary Northup in or near the "Unity Club," a restaurant-bar, which was owned and operated by the Plaintiff, George Gray. On October 3, 1979, Rounseville pleaded nolo in the state court to a charge of assault with a dangerous weapon, and was placed on probation for five years. Northup then commenced a civil (dram shop) action in the Rhode Island Superior Court against Gray for damages, alleging that Gray, d/b/a Unity Club caused Rounseville to become intoxicated by negligently selling him too much to drink. In response, Gray filed a third-party complaint denying liability and alleging that Rounseville is solely responsible for any damage or injury caused by the assault.

On November 19, 1981, Rounseville filed a voluntary Chapter 7 petition. He lists both Gray and Northup as unsecured creditors with claims of $150,000 each. Gray filed the instant complaint which seeks (1) to modify the automatic stay, 11 U.S.C. § 362, to permit the continuance of the state court action, and (2) to have this Court determine whether any claim arising from the state court action is nondischargeable.

The Debtor argues that the Bankruptcy Court has no authority to modify the stay

on the grounds that: (1) the state action is only for the purpose of harassment, and (2) the action in state court is only convenient for the creditor. Both arguments are without merit.

The bankruptcy court clearly has the authority to modify the automatic stay for cause, 11 U.S.C. § 362(d)(1), *see also* 2 Collier on Bankruptcy ¶ 362.07[3] (15th ed.), and based upon the arguments of counsel, I am satisfied that permitting the state action to proceed at this time is in the best interest of the efficient administration of this case.

There is no evidence to suggest that the Creditor seeks to press the state court action solely to harass the Debtor. Further, Rounseville is not placed under any undue hardship by being required to defend the action there, because a determination of the same facts and issues which bear upon the dischargeability question must ultimately be made in some forum, whether it is the state court or the Bankruptcy Court. Since both counsel agree that the state court action can be heard without undue delay, there appears to be no prejudice due to inordinate passage of time. *See generally Harris v. Fidelity and Deposit Company of Maryland (In re Harris)*, 7 B.R. 284, 6 B.C.D. 1166 (S.D.Fla.1980).

Accordingly, the automatic stay is lifted and Gray is authorized to proceed in the state court action. This ruling is without prejudice to the right of either party or the Trustee to seek reconsideration of the order if the state action is not heard within a reasonable time.