In re Maris K. RINEER and Diane M. Rineer, Debtors.

Maris K. RINEER and Diane M. Rineer, Plaintiffs,

v.

BANK OF the NORTH SHORE, Defendant.

Bankruptcy Nos. 82 B 00044, 82 A 1250.

United States Bankruptcy Court, N. D. Illinois, E. D.

Aug. 17, 1982.

E. Paul Rustin, Chicago, Ill., for plaintiffs.

Sherwin Willens, Wilmette, Ill., for defendant.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This cause of action comes to be heard on a motion for summary judgment filed by the debtors, Maris and Diane Rineer (hereinafter referred to as plaintiffs) against the Bank of the North Shore (hereinafter referred to as North Shore) to rescind a security interest held by North Shore in the plaintiffs' home.

In May of 1978, North Shore financed plaintiffs' purchase of a 1978 Dodge motor home under a retail installment contract. Subsequently, the plaintiffs defaulted on the contract. North Shore notified the plaintiffs that the vehicle would be repossessed unless the arrearages were paid in full. Plaintiffs requested that North Shore refrain from repossessing the vehicle, and North Shore agreed, provided that the plaintiffs give North Shore a second mortgage lien on their home at 6922 Chestnut, Hanover Park, Illinois as additional collateral for the obligation existing under the retail installment contract. On June 3, 1980, the plaintiffs executed an addendum to their original contract which gave North Shore a second mortgage on their home. The plaintiffs executed a Trust Deed-second mortgage, which North Shore recorded in Cook County, Illinois on June 6, 1980. In April of 1981, the plaintiffs, who presumably were either unable or unwilling to make their payments under the contract, voluntarily returned the vehicle to North Shore.

In his affidavit, plaintiff Maris Rineer alleges that the transaction in which North Shore obtained a second mortgage on the plaintiffs' home is subject to Regulation Z of the Federal Truth in Lending Act.[1] The

---

1. The Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.* (1976), is popularly known as the "Truth in Lending Act." Its purpose "is to improve consumer credit protec-

tion through a more informed use of credit." *Dumas v. Home Constr. Co. of Mobile, Inc.,* 440 F.Supp. 1386, 1388 (S.D.Ala.1977). Regulation Z is a body of regulation promulgated by the

plaintiffs further claim that: (1) under Regulation Z, North Shore is required to furnish the plaintiffs with notice of their right to rescind the June, 1980 transaction which resulted in North Shore's acquisition of a second mortgage in the plaintiffs' home, (2) this notice was not given to the plaintiffs, and (3) in October of 1981, the plaintiffs rescinded the transaction through their own Notice of Rescission sent to North Shore. Accordingly, the plaintiffs believe that North Shore's security interest in their home should be set aside.

On December 19, 1981, North Shore sold the motor home for $6,250.00, leaving a deficiency due from the plaintiffs in the amount of $10,757.57. North Shore filed a Proof of Claim for this amount in the plaintiffs' Chapter 13 proceeding. North Shore's position is that summary judgment should be denied because the right of rescission under Regulation Z does not apply to a closed end credit transaction where the security interest in a consumer's principal dwelling is acquired as additional collateral after the close of the consumer transaction and is given for a forebearance against repossession of the original collateral.

Under Federal Rule of Civil Procedure 56(c), summary judgment should be issued only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of right. Consequently, the issues to be decided by this court are (1) whether there exists a genuine issue of material fact and (2) if not, whether the plaintiffs are entitled to a judgment as a matter of right.

The movant bears the burden of proving that no genuine issue of material fact exists. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Thus, summary judgment may be denied even where the opposing party offers no evidence, if the movant fails to meet his burden. *Garza v. Chicago Health Clubs,*

*Inc.*, 347 F.Supp. 955, 965 (N.D.Ill.1972). Doubts as to the existence of an issue of fact are resolved in favor of the party opposing the motion. If different inferences and conclusions can reasonably be drawn from the facts offered, summary judgment should be denied. *Harvey v. Great Atlantic and Pacific Tea Co.*, 388 F.2d 123, 124–25 (5th Cir. 1968). *See also, In re Chong*, 16 B.R. 1, 5 (Bkrtcy.Hawaii 1980).

In the case at bar, the plaintiffs have merely made a naked assertion that Regulation Z applies to North Shore's acquisition of a security interest in their home. The plaintiffs did not file a brief in support of their position or respond to North Shore's arguments concerning Regulation Z's inapplicability to the transaction herein. Moreover, research indicates that there is considerable doubt whether the transaction constitutes a "credit transaction" under Section 226.9 of Regulation Z. Even if it is a "credit transaction," it may qualify as a type of refinancing agreement which is an exception to the Right to Rescind. *See* 12 C.F.R. § 226.903 (1982).

Since all of these factors indicate that the relationship between the transaction in question and Regulation Z is not clear or certain, reasonable minds can draw different conclusions from the facts offered. Consequently, this court holds that the plaintiffs have not met their burden of proving that no genuine issue of material fact exists. The plaintiffs' motion for summary judgment is denied.

North Shore is to prepare a draft order in accordance with this opinion within 5 days.*

---

Federal Reserve Board under the Act. 12 C.F.R. § 226.1 *et seq.* (1982).

\* This decision is entered in compliance with the stay of enforcement until October 4, 1982 of the United States Supreme Court decision in

*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and the General Order of the United States District Court for the Northern District of Illinois (July 14, 1982).