**In re CENTRAL HOBRON ASSOCIATES, Debtor.**

**Z–R CORPORATION, Dora Kong, Stanley Shin, Trustee, Plaintiff,**

v.

**CENTRAL HOBRON ASSOCIATES, Defendant.**

**Bankruptcy No. 83–0066.**

United States Bankruptcy Court, D. Hawaii.

June 2, 1983.

Rodney Kim, Honolulu, Hawaii, for SAJE Ventures II.

Terry Day, Boyce R. Brown, Jr., Honolulu, Hawaii, for plaintiffs.

William H. Dodd, Honolulu, Hawaii, for debtor-defendant.

## MEMORANDUM DECISION AND ORDER

JON J. CHINEN, Bankruptcy Judge.

On April 1, 1983, Z–R Corporation, Dora Kong, and Stanley Shin, Trustee, hereafter "Plaintiffs", filed a Complaint for Relief From Stay against Central Hobron Associates, hereafter "CHA". A preliminary hearing was held on April 29, 1983, at which time the final hearing was scheduled for May 24, 1983.

On May 2, 1983, CHA filed its Answer to the Complaint wherein it admitted certain of the allegations in the Complaint and denied others.

At the May 21, 1983 hearing on the Complaint To Lift Stay, Boyce Brown, Esq. and Terry Day, Esq., represented Plaintiffs, William H. Dodd, Esq. represented CHA and Rodney Kim, Esq., represented SAJE Ventures II.

Mr. Brown and Miss Day presented no evidence, but requested that the stay be lifted based upon the records in the file. Mr. Dodd and Mr. Kim moved that the Complaint be dismissed for failure on the part of Plaintiffs to offer evidence supporting their complaint and for lack of jurisdiction over the matter by this Court.

Based upon the records of the case and arguments of counsel, the Court finds as follows:

In their Complaint, *inter alia,* Plaintiffs alleged:

1. That the Bankruptcy Court has jurisdiction over this adversary proceeding to lift the stay.

2. That upon the filing of the Involuntary Proceeding against CHA, all persons were stayed from continuation of any judicial proceeding against CHA that arose before the filing of the petition.

3. That Plaintiffs and CHA entered into a letter agreement dated December 12, 1980, wherein CHA agreed to purchase the stock of Dora Kong Corporation and Plaintiffs' limited partnership interest in Waikiki Hobron for $1,300,000 payable $25,000 a month commencing April 1, 1981 with a balloon payment on April 1, 1983.

4. That CHA made its last payment under the December 12, 1980 letter agreement on November 1, 1981 and has refused payment since then, claiming material breach of the agreement on the part of Plaintiffs. One of the reasons given by CHA for refusal to make payments is the action brought by Domain Corporation against Charles Pankow Associates, et. al., Civil No. 67197, filed on September 1, 1981 and still pending in the State Circuit Court.

5. That on April 7, 1982, Plaintiffs filed an action against CHA in the State Court entitled Z–R Corporation, et al., v. CHA, in Civil No. 70541, praying for judgment for breach of the December 12, 1980 letter agreement.

6. That CHA disputes the claim of Plaintiffs and contends that the balance of the purchase price under the December 12, 1980 letter agreement is not due until the claim of Domain corporation is resolved in the State Court.

In the instant action, Plaintiffs request that the stay be lifted to allow resolution of the two State Court actions, (*Z–R Corporation, et al., v. CHA,* Civil No. 70541 and *Domain Corporation v. Charles Pankow Associates,* et al. Civil No. 67197) through which their potential claim against debtor will be determined. Plaintiffs do not seek to enforce any judgment obtained against Debtor's estate.

In its Answer, CHA admitted certain allegations of the Complaint and denied others.

CHA denied that the Bankruptcy Court had jurisdiction over this adversary proceeding, but did acknowledge that, upon filing of the Involuntary Petition, pursuant to Sec. 362(a)(1) of the Bankruptcy Code, all persons were stayed from continuation against CHA of any judicial proceeding that arose before the filing of the Involuntary Petition.

CHA admitted that it entered the December 12, 1980 letter agreement with Plaintiffs, that it has refused to make payments since November 1, 1981, and that the balance under the letter agreement is not due to Plaintiffs until there is a determination of the issues in the Domain Corporation v. Charles Pankow Association, et al., litigation.

CHA acknowledged that Plaintiffs brought suit in *Z–R Corp., et al., v. Central Hobron Associates,* Civil No. 70541, that it disputes the claim of Plaintiffs and that such dispute should be resolved before Plaintiffs' claim is allowed in the Bankruptcy Court.

■ One of the functions of pleadings is to limit the issues and narrow the proof. If alleged facts are admitted, they are not in issue, and no evidence need be offered as proof of their existence. *Fuentas v. Tucker,* 31 Cal.2d 1, 187 P.2d 752, 754 (1947); *Eubank v. Spencer,* 203 Va. 923, 128 S.E.2d 299 (1962); *Armstrong Paint & Varnish Works v. Nu-Enamed Corp.,* 305 U.S. 315,

59 S.Ct. 191, 83 L.Ed. 195 *reh. den.* 305 U.S. 675, 59 S.Ct. 356, 83 L.Ed. 437 (1938).

Based on the pleadings, the following facts are not controverted and not in issue:

1. Debtor disputes Plaintiffs' claim under the December 12, 1980 agreement;

2. The balance under the purchase price is not due and owing until Domain's claims are resolved; and

3. The dispute over Plaintiffs' claim in *Z–R Corp. v. CHA* must be resolved before Plaintiffs' claim may be allowed in Bankruptcy.

CHA's denial that the Bankruptcy Court has jurisdiction to hear this adversary action has been dispensed with by the Court's oral ruling on February 7, 1983 in Adv. No. 83–0027, *Z–R Corp., et al. v. Central Hobron Associates,* in a hearing for a temporary restraining order, that the Bankruptcy Court had jurisdiction over the dispute between Plaintiffs and CHA.

Thus the Court finds that the pleadings herein are sufficient to support Plaintiffs' request to lift the stay without introduction of evidence.

Since Plaintiffs only seek to resolve the matter of Debtor's liability under the letter agreement of December 12, 1980 and do not seek to enforce any judgment against Debtor's estate, the Court finds that lifting of the stay will expedite resolution of the two cases without multiplicity of suit and without interference in the administration of Debtor's estate.

IT IS HEREBY ORDERED that the automatic stay is modified to permit Plaintiffs to proceed with the litigations in the State Circuit Court entitled *Domain Corporation v. Charles Pankow Associates, et al.,* Civil No. 67197, and *Z–R Corporation, et al. v. Central Hobron Assoc.,* Civil No. 70541; provided that Plaintiffs will not seek to enforce any judgment against Debtor's estate except through and with the permission of the Bankruptcy Court.