**In re Everal H. LARKHAM and Cynthia N. Larkham, d/b/a Lark-Ridge Farm, Debtors.**

**Maureen CARTER, Plaintiff,**

**v.**

**Everal H. LARKHAM and Cynthia N. Larkham d/b/a Lark-Ridge Farm, Defendants.**

**Bankruptcy No. 82–168.**
**Adv. Nos. 82–0181, 82–0182.**

United States Bankruptcy Court,
D. Vermont.

June 14, 1983.

Susan Apel of South Royalton Legal Clinic, South Royalton, Vt., for plaintiff.

Jerome I. Meyers, Springfield, Vt., for defendants.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of Maureen Carter, brought pursuant to § 362(d) of the Bankruptcy Code, for Relief from the Automatic Stay of § 362(a), came on for a hearing after notice. The Complainant seeks relief in order that she may continue to prosecute against the Debtors, an employment discrimination suit now pending before the United States District Court for the District of Vermont.

### FACTS

From the records in the case, the pleadings and representations of counsel, the following facts have been established:

On July 15, 1982, the Debtors filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. Prior thereto, on September 16, 1981, the Plaintiff had commenced in the United States District Court for the District of Vermont, an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206, against the debtor, Everal H. Larkham, and E.H. Larkham, Inc., also a Debtor in a collateral proceeding. As of July 15, 1982, Plaintiff's civil rights action was in the discovery phase. The defendants have requested a jury trial in that action.

There is also pending for determination a complaint filed by the plaintiff to determine the dischargeability of the debt which

is the subject matter of the suit pending in United States District Court. In addition the debtors as defendants have filed motions for summary judgment as to this complaint and the one for relief from stay.

## DISCUSSION

### AS TO SUMMARY JUDGMENT

█ The motions of the defendants for summary judgment are without merit. Plaintiff in her complaint to declare the debt of the defendants non-dischargeable, alleges that, pursuant to § 523(a)(6) of the Bankruptcy Code, the liability for damages results from the wilful and malicious conduct of the defendant. This clearly establishes a genuine issue as to a material fact. Admittedly, the cause of action in the United States District Court is predicated on a deprivation of rights guaranteed by Title VII of the Civil Rights Act of 1964 and does not allege wilful and malicious conduct by the defendants in haec verba. This, as pointed out by the plaintiff, is immaterial. She still has the burden of establishing such conduct in this Court if the debt is to be declared nondischargeable. A genuine issue of fact is thereby raised and its determination is within the exclusive jurisdiction of the Bankruptcy Court. § 523(c).

█ The plaintiff's complaint for relief from the automatic stay is predicated on § 362(d)(1) of the Code which requires the establishment of cause. This in itself raises a genuine issue of fact which, under § 362(g)(2), imposes the burden to prove the non-existence of cause on the defendants who are opposing relief from stay.

This Court recognizes that summary judgment is a drastic remedy and that it should resolve all doubts as to the existence of genuine issues of fact against the moving party. The Court will further view all inferences from the facts in a light most favorable to the parties opposing the motion. *Mid-South Grizzlies v. National Football League,* 550 F.Supp. 558 (E.D.Penn. 1982); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1964)

As stated in *In re Rineer,* 22 B.R. 447 (Bkrtcy.N.D.Ill.1982);

The movant bears the burden of proving that no genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Thus, summary judgment may be denied even where the opposing party offers no evidence, if the movant fails to meet his burden. *Garza va. Chicago Health Clubs, Inc.,* 347 F.Supp. 955, 965 (N.D.Ill.1972). Doubts as to the existence of an issue of fact are resolved in favor of the party opposing the motion. If difference inferences and conclusions can reasonable be drawn from the facts offered, summary judgment should be denied. *Harvey v. Great Atlantic and Pacific Tea Co.,* 388 F.2d 123, 124–25 (5th Cir.1968). *See also, In re Chong,* 16 B.R. 1, 5 (Bkrtcy. Hawaii 1980).

█ Summary judgment must be denied where there remains the slightest doubt as to any material fact. *United States v. Del Monte De Puerto Rico, Inc.* (1st Cir.1978) 586 F.2d 870, 872. In the instant case there is considerable doubt.

█ In their answers to both complaints the defendants allege that they fail to set forth a cause of action upon which this Court can grant relief. These appear to be pro forma allegations. The plaintiff has complied with Rule 8 of the Federal Rules of Civil Procedure (made applicable by Rule 708 of the Rules of Bankruptcy Procedure). This requires a pleading containing a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing the pleader is entitled to relief; and a demand for judgment for the relief to which he deems himself entitled. An examination of the two complaints of the plaintiff reveals that there has been compliance with Rule 8, Fed.R.Civ.P.

### AS TO RELIEF FROM STAY

The issue raised by the plaintiff's complaint for relief from stay is whether the plaintiff should be permitted to proceed to judgment in her pending suit against the

defendants in U.S. District Court for damages arising from alleged employment discrimination.

 Section 362(d) provides: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, . . . for cause. . . ." In deciding whether sufficient cause is provided by plaintiff's desire to proceed in another forum, the Court recognizes that the facts of the complaint will determine whether relief is appropriate. H.R.Rep. No. 595, 95th Cong., 1st Sess. 343–4 (1977). Relevant considerations beyond plaintiff's desire to continue elsewhere the instant employment discrimination action are whether the bankruptcy estate will be prejudiced by a lifting of the stay and whether the granting of relief will interfere with or be inconsistent with this bankruptcy proceeding. S.Rep. No. 989, 95th Cong., 2d Sess. 52–3 (1978), U.S.Code Cong. & Admin.News, p. 5787. Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay. *In re Rounseville,* 20 B.R. 892 (Bkrtcy.D.R.I.1982); *In the Matter of Rapco Foam,* 23 B.R. 692 (Bkrtcy. W.D.Wis.1982); *Paden v. Union for Experimenting Colleges, Etc.,* 7 B.R. 289 (D.C.N.D. Ill.)

A 362(a) stay is designed to implement two goals: to prevent the dissipation of the bankrupt's assets during the pendency of the bankruptcy proceeding, *Power-Pak Products, Inc. v. Royal-Globe Insurance Co.,* 433 F.Supp. 684, 686 (W.D.N.Y.1977); *In the Matter of Cuba Electric and Furniture Corp.,* 430 F.Supp. 689, 691 (D. Puerto Rico 1977); *Teledyne Industries, Inc. v. Eon Corporation,* 373 F.Supp. 191, 203 (S.D.N.Y. 1977) and to avoid the multiplicity of claims in different forums against the estate. *In the Matter of the Bohack Corp.,* 599 F.2d 1160, 1167 (2d Cir.1979); *Baum v. Anderson,* 541 F.2d 1166, 1169 (5th Cir.1976). *Paden v. Union for Experimenting Colleges, Etc., supra,* 7 B.R. at 290. An alternative

purpose of the § 362(a) stay, that of preventing the debtor from having to defend against a multiplicity of claims in different forums, has been considered less than compelling. *In re Rounseville, supra,* 20 B.R. at 893; *Paden v. Union for Experimenting Colleges, Etc., supra,* 7 B.R. at 291 n. 3; *In the Matter of Zeckendorf,* 326 F.Supp. 182, 185 (S.D.N.Y.1971).

The principal purpose of the automatic stay is to avoid diminution of the bankruptcy's assets. This purpose is in no way compromised by the instant employment discrimination action, at least so far as the injunctive relief portion of the suit is concerned. With respect to the back pay remedy, allowing the plaintiff to proceed toward, if not to, the point of judgment, has several advantages. It insures the expeditious consideration of her civil rights suit, an important priority of Congress. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1977). At the same time, permitting the liability issues to be decided in another tribunal would not dismember the bankruptcy estate and appears to be consistent both with the Congressional intent underlying the Bankruptcy Act of 1978 and with the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon PipeLine Co.,* —— U.S. ——, 103 S.Ct. 199, 74 L.Ed.2d 160 (1982). The legislative history of the stay provision under the 1978 Act indicates that actions which pose "no great prejudice to the bankruptcy estate" should be permitted "to continue in their place of origin, . . . in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S.Rep. No. 989, 95th Cong. 2d Sess. at 50 (1978), U.S.Code Cong. & Admin.News, p. 5836.

Similar reasoning was found compelling in a recent Bankruptcy Court lift-stay decision involving a tort claimant who, having requested a determination as to the dischargeability of his contingent claim, sought to reduce the claim to a judgment in another forum. *See In Re Rouseville, supra,* at page 893:

Further, Rounseville [debtor] is not placed under any undue hardship by being required to defend the action there [in state court] because a determination of the same facts and issues which bear upon the dischargeability question must ultimately be made in some forum, whether it is the state court or the Bankruptcy Court. (Brackets supplied.)

In the instant case the Bankruptcy Court has exclusive jurisdiction over the complaint to determine dischargeability. The Court in *Rounseville* permitted the action to proceed in State Court "in the best interest of the efficient administration of the [bankruptcy] case." *Id.* Concluding, the Court cited to *In re Harris,* 7 B.R. 284 (D.C.S.D. Fla.1980), in which a contract claimant against the debtor sought modification of the automatic stay in order to pursue the contract claim elsewhere. As the court in *Harris* noted, citing from *In re Olmstead,* 608 F.2d 1365, 1368 (10th Cir.1979), a case with "an almost identical factual pattern:"

It is obvious .... that the Bankruptcy Court will save considerable time, effort, and money by awaiting the outcome of the liability proceeding and reviewing facts there presented to liquidate and determine dischargeability of the debt. Consequently, we cannot say that the Bankruptcy Court abused its discretion by deferring its determination of dischargeability until the [underlying] action is concluded.

7 B.R. at 286.

■ The reasoning of these cases is persuasive. In the instant proceeding, granting plaintiff relief from the automatic stay will not necessarily or immediately have an impact on the bankruptcy estate: there is in this case no attempt by the plaintiff to deprive the debtor of assets. Rather, relief from the stay will permit discovery and a judgment on plaintiff's employment discrimination claims.

In lifting the stay, this court would not be abdicating its duty to determine the dischargeability of the debt, if any; it would merely be deferring that determination until another court decides the plain-tiff's tort claim. When the Court finally determines the dischargeability of the debt, if any, that determination will carry the same effect as if the determination had been made prior to the conclusion of the civil rights suit. *In Re Olmstead, supra,* 608 F.2d at 1367.

Even disregarding all other considerations, the impact of *Northern Pipeline Construction Co. v. Marathon Pipeline Company,* —— U.S. ——, 103 S.Ct. 199, 74 L.Ed.2d 160 (1982), 6 C.B.C.2d (MB) 785, and of Local Rule 20 supports the plaintiff's position for relief from stay. *In Northern Pipeline,* the United States Supreme Court held that the Bankruptcy Reform Act of 1978, by its broad grant of jurisdiction to bankruptcy judges, i.e. jurisdiction of all civil proceedings arising under Title 11 or arising in or relating to cases under Title 11 violates Article III of the Constitution. The Court reasoned that such judicial power must be exercised only by judges who have the attributes of life tenure and the protection against salary diminution specified by Article III, which attributes were incorporated into the constitution to insure the independence of the judiciary from the control of the Executive and Legislative Branches. Bankruptcy judges created by the Bankruptcy Reform Act of 1978 are not Article III judges since they do not have life tenure, and are not immune from having their salaries reduced by Congress. As non-Article III judges, the Supreme Court reasoned, bankruptcy judges cannot make a judicial determination of private rights as distinguished from public rights. Citing *Crowell v. Benson,* 285 U.S. 22 at 51, 52 S.Ct. 285, at 292, 76 L.Ed. 598, the court pointed out that the right to recover damages is "one of private right, that is, of the liability of one individual to another under the law as defined."

In the instant case the suit against the defendants is predicated on a statutory remedy for violation of the plaintiff's rights arising from an employment contract. Hence, it involves the judicial determination of private rights. The impact of the *Northern Pipeline* decision was suspended

by the United States Supreme Court until December 25, 1982, in order to give Congress an opportunity to enact remedial legislation in response to the situation created by its ruling. Congress has failed to act and, upon recommendation of the Judicial Conference of the United States, the District Courts have adopted a model rule which applies to all bankruptcy cases and proceedings filed on or after October 1, 1979. In this District the model rule has been adopted as Local Rule 20. The powers of bankruptcy judges are defined in paragraph "(d)". The pertinent sections, as they apply to this case, appear under subparagraphs (3)(A) and (3)(B), which read as follows:

"(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. . . .

(B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge unless the parties to the proceedings consent to entry of the judgment or order by the bankruptcy judge.

Under Local Rule 20, the determination by this Court of the issues arising from the plaintiff's pending suit could very well result in an exercise in futility, since the bankruptcy judge may not enter a judgment or dispositive order. The district judge may decide not to accept the bankruptcy judge's findings and conclusions and order further proceedings. On the other hand, the U.S. District Court has now complete jurisdiction over the cause of action, will be able to try the case upon completion of discovery and will be in a position to render judgment without unnecessary delay.

In addition, this Court is precluded from exercising jurisdiction under Local Rule 20 since the defendants have requested a jury trial. Section (d) of the rule defines the powers of bankruptcy judges and specifically prohibits them from conducting jury trials.

In sum, there are genuine issues of fact to be determined under the complaints filed by the plaintiff in the adversary proceedings in this Court; the defendants have failed to sustain the burden of showing non-existence of cause for lifting of the automatic stay prescribed by § 362 of the Code; and the impact of the *Northern Pipeline* decision of the U.S. Supreme Court, together with the adoption of Local Rule 20, precludes the assumption of jurisdiction by this Court over the pending U.S. District Court action.

## ORDER

In view of the foregoing, IT IS ORDERED as follows:

1. The motions of the defendants for summary judgment, and the requests contained in their answers to dismiss the causes of action are DENIED.

2. The plaintiff's complaint for relief from stay is GRANTED and the automatic stay under § 362 of the Code is hereby TERMINATED.

3. The plaintiff is authorized to proceed with her pending suit in U.S. District Court.

4. The plaintiff's complaint to determine dischargeability of the debt pending in this Court shall be held in abeyance until the U.S. District Court action is terminated.