James R. MATTINGLY

v.

NEWPORT OFFSHORE, LTD.

Civ. A. No. 85–0757–S.

United States District Court,
D. Rhode Island.

Jan. 23, 1986.

See also, Bkrtcy., 59 B.R. 283.

Decof & Grimm, R. Daniel Prentiss, Providence, R.I., for plaintiff.

Coffey, McGovern, Noel & Neal, Ltd., Charles J. McGovern and Licht & Semonoff, Anthony P. Muri, Providence, R.I., for defendant.

Winograd, Shine & Zacks, P.D., Allan M. Shine, Providence, R.I., for Creditors Committee.

## MEMORANDUM AND ORDER

SELYA, District Judge.

In April of 1985, James R. Mattingly, a self-proclaimed whistleblower, instituted a civil action in the state superior court claiming in substance that his employer, Newport Offshore, Ltd. (NOL), a defense contractor, had unlawfully discharged him in retaliation for Mattingly's attempts to halt creative accounting practices whereby NOL, in the plaintiff's estimation, was fleecing the United States Navy. His complaint charged breach of an employment contract and breach of an implied covenant of good faith and fair dealing. NOL answered and counterclaimed, denying the essential elements of the accusations levelled by Mattingly.

On November 13, 1985, the employer filed a voluntary petition in the bankruptcy court for this district, *see In re Newport Offshore, Ltd.*, Bk. No. 85–00723 (Bankr.D. R.I.), seeking the protection of Chapter XI of the Federal Bankruptcy Code, 11 U.S.C.

---

§§ 1101–1174 (1982). On December 4, 1985, Mattingly filed his proof of claim in the bankruptcy court, substantially replicating the assertions advanced in his state court action.

At that point, the plot thickened. On December 6, 1985, Mattingly removed the state action to this court in reliance upon 28 U.S.C.A. § 1452(a) (West Supp.1985), which provides in pertinent part that:

§ 1452. Removal of claims related to bankruptcy cases

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

It is clear that the requisite § 1334 tie is met; given NOL's Chapter XI petition, this action is "related to" a case arising under Chapter XI within the jurisdictional grant of 28 U.S.C.A. § 1334(b) (West Supp.1985).

The defendant/debtor, NOL, promptly moved for referral of this matter to the bankruptcy court. The plaintiff has objected and has simultaneously moved for withdrawal of any such reference. Mattingly desires to have his remonstrances tried to a jury in this tribunal. The parties each produced an excellent brief in short order and they presented their respective positions to the court orally at a chambers conference held on the record on January 21, 1986. (Informality has been indulged in that the parties and the court, conscious of the substantial public interest in the expeditious processing of bankruptcy petitions, *see In re Greene*, 33 B.R. 1007, 1011 (D.C.D.R.I. 1983), are eager to get this matter on a trial track in some appropriate forum at the earliest practicable date, lest any possi-

bility of an arrangement of NOL's affairs be retarded.) Mattingly's counsel urged this court to retain jurisdiction, withhold any reference to the bankruptcy judge, and schedule a jury trial. In the alternative, he stated his preference for a remand to the state court as opposed to reference to the bankruptcy court. NOL's attorneys press for reference of the case to the bankruptcy judge. And, they argue that if the case is not so referred, it should be remanded to the state superior court "in accordance with [Mattingly's] desire for a jury trial." Defendant's Memorandum at 4.

All parties are in agreement that the instant action is "related to a case under Title 11 [of the Federal Bankruptcy Code]," 28 U.S.C. § 157(a), and that the bankruptcy judge may properly hear a noncore proceeding such as this ancillary to his jurisdiction over the pending bankruptcy matter. *See* 28 U.S.C. § 157(c)(1). Moreover, it is perfectly clear that this court's standing "Order Referring Bankruptcy Proceedings," entered July 18, 1984 (Standing Order), provides for the automatic referral of such "related" cases.

The plaintiff's objection to referral in this instance is premised upon that portion of 28 U.S.C. § 157(d) which intones:[1]

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

In endeavoring to postulate the "cause" that § 157(d) contemplates, however, Mattingly has come up close to empty. Save for the existence of novel and unsettled state law issues, *see* text *post*, there is nothing particularly extraordinary about Mattingly's case or its circumstances. As a general proposition, his entreaty is undermined by this court's decision in *Macdonald/Associates, Inc. v. Stillwagon*, C.A. No. 85–0336–S (D.R.I. Sept. 9, 1985). *Macdonald/Associates* pointed out that a "gen-

---

1. The second sentence of § 157(d) provides for mandatory withdrawal under certain circumstances. Mattingly does not invoke that clause and nothing on the face of the pleadings suggests that it applies here. Thus, the references to § 157(d) which follow focus solely on the discretionary fascicle of the withdrawal standard.

eralized ululation" of increased efficacy was not enough to catalyze withdrawal. *Id.*, slip op. at 3. The court noted:

> The "cause" which the statute demands must be case-specific, not merely systemic in nature. Any other interpretation would emasculate both § 157(c)(1) and the Standing Order vis-a-vis related proceedings, and would render bankruptcy judges as the merest of eunuchs when such matters surface. If the Congress had intended that any litigant who was dissatisfied with the § 157(c)(1) procedure for the determination of noncore actions could, simply by indicating his umbrage, oust the bankruptcy court of jurisdiction, it need not have bothered to insert the "cause" requirement at all in § 157(d).

*Id.*

In an effort to withstand the compelling force of this precedent, Mattingly's counsel makes a perfervid argument, the linchpin of which is the perceived unavailability of a jury trial in the bankruptcy court.[2] The plaintiff invites this court to determine whether, as a matter of either statutory or constitutional law, a jury trial can be conducted in the bankruptcy court without the consent of all parties; or alternatively, whether the procedure prescribed by 28 U.S.C. § 157(c)(1) for the hearing of noncore matters by the bankruptcy court contravenes the imperatives of the Seventh Amendment.[3]

The court declines Mattingly's invitation. It need not enter this Serbonian bog.

Apart from NOL's bankruptcy filing, there is no independent ground for federal jurisdiction. Notwithstanding the pendency of the Chapter XI proceeding, this court possesses "original but not exclusive jurisdiction" of this action. 28 U.S.C. § 1334(b). The Congress has made it plain that, in respect to noncore proceedings such as this (*i.e.*, cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state courts. "Nothing in [§ 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding ... related to a case under title 11." *Id.* at § 1334(c)(1). *See also id.* at § 1451(b) (granting this court authority to remand to the state court in such a situation "on any equitable ground").

The legislative history of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, 98 Stat. 333 (1984), which gave birth to the bewildering array of statutes here at issue, adequately evinces an abiding concern for continuing to allow state courts to interpret state law. *E.g.*, H.R.Conf.Report No. 98–882, 98th Cong.2d Sess. 3 *reprinted in* 1984 U.S. Code Cong. & Ad.News 591, 594 (statement of Sen. Hatch). Such concerns crest in a case like this, where the plaintiff's complaint raises tenebrous issues of Rhode Island law wholly unrelated to the temporal coincidence of the defendant/debtor's financial straits.[4]

---

**2.** Though not dispositive, it is interesting to note that Mattingly's fondness for trial by jury bloomed somewhat belatedly. When he brought his action in the state court, he eschewed a jury demand. The case was transmogrified from a bench trial to a jury trial only because NOL, in filing its answer and counterclaim in the state superior court, asserted entitlement to trial by jury. As this court has remarked in an analogous context, "irony is no stranger to the law." *Newport National Bank v. United States*, 556 F.Supp. 94, 98–99 n. 8 (D.R.I. 1983).

**3.** The question is not free from doubt. NOL makes a strong argument that as a matter of statutory construction and legislative intent, in-

asmuch as the case arises in a "voluntary" context and is not a tort claim for personal injury or wrongful death, the bankruptcy court has jurisdiction and trial by jury is unavailable. *See, e.g.,* 1 Collier, *Bankruptcy,* ¶ 3.01[7](b) at 3.62–3.66 (15th ed. 1985). Yet, that presentation does not squarely address the plaintiff's constitutional foray.

**4.** According to the complaint, Mattingly began his employment with NOL on November 1, 1983. The terms of his engagement were summarized in a rather terse letter sent to him by his prospective employer on October 7, 1983. That letter contemplated the subsequent preparation and signing of a formal "employment contract"—a step which never occurred.

This court has abundant confidence in the efficient operation of the state superior court. Reforms which have been implemented in recent years have greatly enhanced the flow of litigation through that system. This suit was instituted, and can be timely adjudicated, in a state forum. And, such a forum is singularly appropriate for perscrutation of the issues which Mattingly has raised. Rather than to wrestle needlessly with a claim of constitutional dimension, it is far more equitable and efficacious to allow the plaintiff, if he is to have the jury trial which he lately envisions as his due, to enjoy it in the forum which he initially selected, a forum where jury trials are held daily as a matter of course, a forum best suited to the determination of entropic state law questions. "It has long been a basic tenet of the federal courts to eschew the decision of cases on constitutional grounds unless and until all other available avenues of resolutions [are] exhausted." *Aggarwal v. Ponce School of Medicine*, 745 F.2d 723, 726 (1st Cir.1984).

Furthermore, the problems inherent in the plaintiff's proposal that this court retain jurisdiction are compounded logarithmically by what may very well be the need, or at least the advisability, of certifying murky state law questions such as those sub judice to the state supreme court. *See Lehman Brothers v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974) (Certification "does, of course, in the long run save time, energy, and resources ... [R]esort to it would seem particularly appropriate in view of the novelty of the [state law] question and the great unsettlement of [state] law"). If resort was to be

made to certification in this instance—a course which polity suggests might well be prudent—the plaintiff's professed goal of expedition would be severely hampered. The journey to Rhode Island's highest tribunal is not likely to be foreshortened by detouring through a federal district court.

Such equitable considerations are heightened by the tack which the plaintiff has taken here. This court can accomplish very little by entertaining jurisdiction over the case: if Mattingly's view of the impuissance of bankruptcy courts in matters triable of right to juries is correct (a topic on which this court expresses no opinion), then judicial economy and the efficient processing of bankruptcy cases will not be furthered if the case is nurtured here. Instead of consignment of the action to the bankruptcy court, where it can be heard with all other matters "related to" NOL's straitened circumstances,[5] it will remain separate and apart, as a lone filing before the district judge. That scenario has all of the drawbacks arguably attendant to permitting the state court to hear the suit, but has none of the offsetting advantages.

This court, conscious of the need for comity with the state courts and fortified by a deep respect for the manner in which state law is best fashioned, abstains from hearing Mattingly's case. 28 U.S.C. § 1334(c). It is far fairer, and in the long run more expeditious, to permit the superior court to adjudicate this controversy (if, indeed, a jury trial is required). Accordingly, in pursuance of the authority ceded by 28 U.S.C. § 1452(b),[6] and as suggested by the defendant/debtor in its brief and at the

---

Under the facts as limned by the pleadings, no reported Rhode Island decision clarifies the key substantive questions which underlie the merits of this case. The letter did not specify causes for discharge, and Rhode Island is one of but a handful of states which have not yet addressed the existence and/or parameters of implied covenants of good faith and fair dealing in the employer/employee context. *See* Strasser, *The Death of a Doctrine?*, 8 Nat'l.L.J. 1, 6 (Jan. 10, 1986) (surveying state law in fifty jurisdictions). The state courts have likewise been silent as to recognition vel non of a cause of action (tort-based or implied in contract) where an employ-

er's conduct is alleged to contravene public policy. *Id.*

5. Mattingly is, as noted earlier, already before the bankruptcy court inasmuch as he filed a proof of claim in that court even before he embarked on his removal initiative. *See* text *ante.* That claim is still pending.

6. 28 U.S.C. § 1452(b) provides that the "court to which [a] claim or cause of action is removed [pursuant to § 1452(a)] may remand such claim or cause of action on any equitable ground."

chambers conference, *see* 28 U.S.C. § 1334(c)(2),[7] this action is REMANDED to the Providence County Superior Court. (Although originally filed in Newport County Superior Court, the proceeding was transferred to Providence County on October 9, 1985, before the Chapter XI petition was docketed.)

Mattingly can then seek the permission of the bankruptcy judge to vacate the automatic stay imposed by 11 U.S.C. § 362. (Where adequate cause exists, such stays frequently have been lifted to allow civil actions to proceed in the fora in which they were brought. *E.g., In re Larkham*, 31 B.R. 273, 277 (Bankr.D.Vt.1983); *In re Rounseville*, 20 B.R. 892, 893 (Bankr.D.R.I. 1982)). This court leaves the question of the propriety of dissolving the automatic stay entirely to the sound judgment of the bankruptcy court. The bankruptcy judge may wish to consider, as an antecedent matter, the dischargability of the "debt" which Mattingly claims is owed to him by NOL. If so, the pending claim in the bankruptcy court, *see* text & n. 5, *ante*, affords a suitable vehicle for doing so, wholly apart from any referral by this court. And, even the plaintiff's elastic view of the Seventh Amendment does not stretch so far as to embrace a contention that the question of dischargability is triable of right to a jury.

The clerk of this court shall mail a certified copy of this memorandum and order to the clerk of the Providence County Superior Court and to the bankruptcy court for this District. The instant civil action file in this court shall be closed.

*It is so ordered.*

---

7. 28 U.S.C. § 1334(c)(2) requires this court, when so requested by any party, to abstain from entertaining a proceeding "based upon a State law claim" related to but not itself "arising under" title 11, if an independent (i.e., non-bankruptcy) basis for federal jurisdiction is lacking and if an action on such claim has been started in a state forum of appropriate jurisdiction and can be seasonably adjudicated therein.