**In re NEWPORT OFFSHORE, LTD., Debtor.**

**James R. MATTINGLY, Movant,**

v.

**NEWPORT OFFSHORE, LTD., Respondent.**

**Bankruptcy No. 8500723.**

United States Bankruptcy Court, D. Rhode Island.

April 9, 1986.

Reconsideration Denied May 8, 1986.

See also, D.C., 57 B.R. 797.

R. Daniel Prentiss, Decof & Grimm, Providence, R.I., for movant.

Charles J. McGovern, Coffey, McGovern, Noel & Neal, Ltd., Providence, R.I., for debtor.

Allan M. Shine, Winograd, Shine & Zacks, P.C., Providence, R.I., for creditors' committee.

## DECISION AND ORDER MODIFYING AUTOMATIC STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on James Mattingly's motion for relief from the automatic stay, 11 U.S.C. § 362, wherein he requests permission to proceed with an action against the debtor which is pending in the Providence County Superior Court.

Mattingly's state court action was filed in Newport County Superior Court in April 1985, seeking compensatory damages in the amount of $500,000, and $1,000,000 in punitive damages, for breach of an employment contract and other alleged misdeeds. The complaint alleges that Newport Offshore wrongfully terminated Mattingly's employment in retaliation for "whistle blowing" regarding certain of his employer's business practices. The suit was transferred to the Providence County Superior Court and about one month later, on November 13, 1986, the debtor filed the instant Chapter 11 petition. Mattingly filed a substantial proof of claim in the Chapter 11 case, for damages flowing from the debtor's alleged "willful and malicious breach of employment contract." The debtor filed an objection to Mattingly's proof of claim.

On December 6, 1985, Mattingly removed the case from state court to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. § 1452(a),[1] and promptly petitioned this Court for relief from the automatic stay and for leave to proceed in District Court. See 11 U.S.C. § 362(d). The debtor objected and asked the District Court to refer the matter to the Bankruptcy Court, under 28 U.S.C. § 157 and the Standing Order Referring Bankruptcy Proceedings, entered July 18, 1984. Mattingly, desirous of a jury trial in District Court, requested that reference be withheld.[2]

In January District Judge Bruce M. Selya abstained from hearing Mattingly's claim and remanded the action to the Providence County Superior Court.[3] *Mattingly v. Newport Offshore, Ltd.,* No. 57 B.R. 797, 799, 800 (D.R.I.1986) ("the federal courts should not rush to usurp the traditional precincts of the state courts ... This suit was instituted and can be timely adjudicated, in a state forum"). In so holding, Judge Selya suggested that

> Mattingly can then seek the permission of the bankruptcy judge to vacate the automatic stay imposed by 11 U.S.C. § 362 ... This Court leaves the question of the propriety of dissolving the auto-

---

1. § 1452. Removal of claims related to bankruptcy cases

    (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

2. § 157. Procedures

    (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

....

    (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

3. § 1452. Removal of claims related to bankruptcy cases

    (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

matic stay entirely to the sound judgment of the bankruptcy court.

*Id.* at 801.

In accordance with Judge Selya's suggestion, Mattingly now seeks this Court's permission "to petition the Superior Court for a special assignment for early trial of his action, to liquidate his claims in that court." Memorandum in Support of Petition for Relief from the Automatic Stay at 2. At a conference held on January 29, 1986, the parties agreed to submit the issue of the propriety of lifting the stay, for determination upon memoranda.

11 U.S.C. § 362 provides that

(a) ... a petition ... operates as a stay, applicable to all entities, of—

    (1) the commencement or continuation ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case ...

    ....

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for cause....

Congress recognized that it would be proper for the automatic stay to be lifted under certain circumstances:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

H.R.Rep. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5836, 6297.

We have considered the points and authorities discussed in the briefs and reply memoranda,[4] and conclude that the stay should be modified to permit Mattingly to petition the Providence County Superior Court for a special assignment for early trial, and if such petition is granted, to proceed to try the case there.[5] It has not been demonstrated that a major purpose of § 362, the prevention of dissipation of the debtor's assets during the pendency of the case, and avoidance of multiplicity of claims against the estate in different courts, *see Carter v. Larkham (In re Larkham)*, 31 B.R. 273, 276 (Bankr.D.Vt. 1983), would be furthered by denying Mattingly's motion for relief from the stay. To the contrary, all present indications are that the litigation of this dispute in the state court will not delay administration of the estate or have any other detrimental impact on this Chapter 11 case.

> Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay.

*Id.* at 276 (relief from stay granted to permit plaintiff to proceed with employment discrimination action against debtors, pending in federal district court).

Sooner, rather than later, the debtor will have to face Mattingly's charges in some forum, and it will not be placed under any undue hardship by being required to defend against this action in state court, instead of Bankruptcy Court. We also agree with Mattingly that "enhanced efficiency would lie in allowing the case to be heard in the forum with original jurisdiction to hear state law claims," and that "[t]here are no goals or purposes of the Bankruptcy Code which are furthered by retention of this case in this court." Memorandum in Support of Petition for Relief from the Automatic Stay at 4. *See also In re Highcrest Management Company, Inc.*, 30 B.R. 776 (Bankr.S.D.N.Y.1983) (plaintiff entitled to relief from automatic stay in order to

---

**4.** Mattingly's motion to strike lines seven through eleven of page one of the debtor's reply memorandum, is denied.

**5.** This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ. 52.

proceed with class action fraud suit against debtor, pending in federal district court); *Gray v. Rounseville (In re Rounseville),* 20 B.R. 892 (Bankr.D.R.I.1982) (automatic stay modified to permit creditor to proceed with state court negligence action against debtor).

We temporarily decline Judge Selya's invitation to consider, as an antecedent matter, the dischargeability of the "debt" which Mattingly claims is owed to him by Newport Offshore. *See Mattingly v. Newport Offshore, Ltd., supra,* at 801. The need for such a determination will be obviated if Mattingly is unsuccessful in state court through a determination that he has no claim against Newport Offshore. Further, resolution of the dischargeability issue in this Court would require virtually a complete trial of Mattingly's claim:

> It is absolutely clear that the issue of dischargeability is inseparable from the rest of Mattingly's claim. Proof that NOL's breach ... was willful and malicious will require proof of the contract, proof of its breach, proof that NOL was engaging in improper practices, proof that Mattingly attempted to stop them, and proof that the discharge was in retaliation for that attempt.

Memorandum in Support of Petition for Relief from the Automatic Stay at 4, 5. We agree with and adopt Judge Selya's conclusion that the litigation in question, which involves state law issues, is particularly suited for a state court determination:

> Congress has made it plain that, in respect to noncore proceedings such as this ... the federal courts should not rush to usurp the traditional precincts of the state courts.

*Mattingly v. Newport Offshore, Ltd., supra,* at 799.

Accordingly, for all of the foregoing reasons, the automatic stay is modified to allow Mattingly to petition the Superior Court for a special assignment and early trial, and to proceed with trial if his peti-

tion is granted. By so modifying the stay, we are not abdicating our duty to determine the dischargeability of Newport Offshore's alleged debt to Mattingly, but only deferring that determination until the dispute is resolved in the first instance by the state court. *See Hoenig v. Hoffman (In re Hoffman),* 33 B.R. 937 (Bankr.W.D.Okla. 1983) (automatic stay modified to permit securities action to proceed against debtor in federal district court); *In re Larkham, supra,* at 277. *See also Z–R Corp. v. Central Hobron Assoc. (In re Central Hobron Assoc.),* 36 B.R. 106 (Bankr.D.Hawaii 1983) (relief from the automatic stay granted to permit resolution of state court action which was necessary before claim could be allowed in bankruptcy).

This ruling is without prejudice to the right of either party to seek reconsideration of this decision and order if the petition for early assignment is denied, or if, contrary to our present expectations, the matter does not proceed to trial in the state court within a reasonable time.[6] *See In re Rounseville, supra,* at 893.

---

**6.** In the event that an expeditious resolution of the state court action is not achievable, a hearing will be held in this Court on Mattingly's proof of claim and the debtor's objection thereto.